In re Thomas Lynn NELSON, Debtor.

Thomas Lynn NELSON, Plaintiff,

v.

Clarence KRAMER, Hibbard, Caldwell, Canning, Bowerman & Schultz, Attorneys, and Miller, Nash, Yerke, Wiener & Hager, Attorneys, Defendants.

Bankruptcy No. 380–00862.
Adv. No. 80–0077.

United States Bankruptcy Court,
D. Oregon.

May 5, 1981.

Jerome B. Shank, Portland, Or., for plaintiff.

Paul L. Lansdowne, trustee.

OPINION

FOLGER JOHNSON, Bankruptcy Judge.

Debtor-plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code. Aside from consensual liens on home and automobile, the schedules listed a judgment debt to Kramer of about $25,000.00 and other unsecured debts totaling $7,317.13. The Kramer judgment was a lien on plaintiff's interest in the home and was beyond the 90-day limit to set aside as a voidable preference under § 547 of the Code. The judgment was against the husband only and appears to be the main cause of the bankruptcy as the wife did not join in the petition.

Nelson filed a complaint in the Bankruptcy Court to have Kramer's lien on the home declared void under § 522(f)(1) on the ground that there was no nonexempt equity to which it could attach. The attorneys are included as defendants only because of the attorney's lien they might assert against any proceeds realized by Kramer through the judgment lien. Kramer denied the value assigned to the property by Nelson and also objected to Nelson's claiming the full Oregon $12,000.00 homestead exemption against his half interest. The home was held by Nelson and his wife as an estate by the entirety. After the pretrial, it was stipulated that the mortgage balances were $45,192.00, that the court should not take into consideration costs of sale and that both Nelson and his wife were obligated on the mortgages.

Oregon Revised Statutes 23.240 provides:
"Exemption of homestead or proceeds thereof; duration of exemption. (1) A

homestead shall be exempt from sale on execution, from the lien of every judgment and from liability in any form for the debts of the owner to the amount in value of $12,000, except as otherwise provided by law. When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, the lien of a judgment or liability in any form, their combined exemptions under this section shall not exceed $12,000."

■ The homestead exemption may be asserted in three situations:

(1) It may be claimed before sale when the sheriff or similar judicial officer is carrying out execution on a judgment.

(2) It may be claimed for the purpose of clearing title to the property against a judgment lien. Under ORS 23.240(4), the value of the home is determined at the time the owner sells it (or the time of bankruptcy, if that comes first) and the lien only remains valid on the equity that then exceeded the homestead exemption. A later increase in value of the home benefits only the debtor, not the creditor.

(3) It may be claimed against all general creditors when bankruptcy is filed, whether or not they have judgments. This seems to be the primary purpose of the words "liability in any form for the debts of the owner" which have been in the statute since 1919.

■ The basic question raised by defendant is the manner or mathematics of computing the equity of each spouse in the home. Defendant argues that since Oregon allows a family only one $12,000.00 exemption, this should be deducted first and the balance then divided by two to determine the nonexempt equity of each spouse.

Where husband and wife file bankruptcy jointly and both claim exemptions under Oregon law, the issue of how to calculate the $12,000.00 exemption does not arise because the result would be the same regardless of the mathematical order followed. It would make a difference, however, if one claims the state exemptions and the other the federal under 11 U.S.C. § 522, or as here, where only one spouse files bankruptcy.

In our case, where only the husband is in bankruptcy, it has been stipulated that the total equity in the property is $21,808.00. Under defendant's theory, the $12,000.00 exemption would first be deducted from this leaving each spouse an equity of $4,904.00. This would be an asset in the husband's bankruptcy as he would have no further exemption to claim. Under plaintiff's theory, the equity is first divided. If only one spouse is in bankruptcy that spouse may claim the full Oregon exemption against that spouse's half interest, or where both are in bankruptcy, one may claim the state and the other the federal exemption against their respective half interests. Under this theory the $12,000.00 exemption exceeds the $10,904.00 value of the husband's half interest, leaving nothing for creditors.

It is clear that under ORS 23.240 only one $12,000.00 homestead exemption may be claimed by members of the same household against the same creditors. Outside of bankruptcy where different creditors in turn are attempting to execute on their judgments, it is the same $12,000.00 that is repeatedly being claimed exempt. If a judgment is against one spouse only, the judgment creditor under Oregon law may execute on the half interest of that spouse in the home held as an estate by the entirety. Such spouse, however, can claim the entire $12,000.00 homestead exemption to protect his or her half interest from that creditor. Whether a creditor is a joint creditor or a creditor of only one member of a household, the exemption barricade that can be raised against him is limited to $12,000.00 under present Oregon law. There is no $12,000.00 for each spouse against the same creditor.

When husband and wife file a joint petition in bankruptcy and both claim their exemptions under Oregon law, they should still be limited to a single $12,000.00. If they file at different times it is the duty of the trustee to determine at the § 341(a) meeting in the second case what homestead

exemption may have been claimed by the first spouse and what position to take in regard to the exemption claimed by the second spouse. The easiest route might be a consolidation of the two cases so that they could be treated as if filed jointly in the first place. This is the best solution if the creditors are the same in both cases. If the first case has been closed recently, it could be reopened for this purpose.

What is the solution, however, if the first spouse has a major creditor to whom the other spouse owes nothing? It would be inequitable to permit the single creditor through consolidation to share equally with the joint creditors when only the joint creditors outside of bankruptcy could have reached any equity in the home. To prevent this, the trustee might take steps to have the claim of the single creditor subordinated to the joint creditors, especially where the only assets in the debtor's estate come from the home. Another solution might be to leave the cases separate but limit the Oregon exemption allowed the second spouse to the difference between $12,000.00 and the amount of joint debts in the first spouse's case. As far as the debtors are concerned the result would be the same as if the cases had been consolidated, but in a case such as the Nelson one, it would put the entire nonexempt equity in the second spouse's case, joint creditors would not be prejudiced and the single creditor would receive no windfall as he could not file against the wife. This treatment is further supported by the wording of ORS 23.240 which speaks of the "combined exemptions" of two or more members of a household.

Defendant relies heavily on the Michigan case of *In re Davis,* 329 F.Supp. 1067 (1971), which denied the double homestead exemption claim in property held as tenants by the entirety, holding that husband and wife are limited to a single homestead exemption. In the recent California case of *In re Dill,* CCH Bankr.Law Rep. ¶ 67,825 (N.D. Cal. May, 1980), the Bankruptcy Judge also recognized that only one California homestead exemption may be claimed, and when claimed, it is for the benefit of both spouses

and the other has no further claim under such law. The debtors had tried to combine the federal exemption for the wife with the $40,000.00 California exemption claimed by the husband to reach an aggregate exemption against the whole equity of $47,900.00 instead of each applying his exemption to his half interest.

Neither of these cases faced the problem of a major creditor who was a creditor of only one spouse. The existence of a single creditor, however, should not be utilized to defeat the rights of joint creditors.

Since the wife has not filed bankruptcy and there is no indication that she will, it is not necessary for the court to decide what homestead exemption would be allowed in her case. Should she file and if the Oregon legislature has not taken away the choice, perhaps she should be wisely encouraged and permitted to change her Oregon homestead claim to the federal exemptions under § 522(d) of the Bankruptcy Code.

Where one spouse claims the state exemptions and the other spouse claims the federal exemptions under 11 U.S.C. § 522(d), Judge Sullivan of this court has already ruled that the equity is to be divided first and then a maximum of $12,000.00 set aside against the interest of the spouse claiming the state exemption and a maximum of $7,900.00 set aside against the interest of the spouse claiming the federal exemption. See *In re Warner,* Case No. 380–00477 (D.Or.1980).

The defendant's proposal to deduct the $12,000.00 homestead exemption before dividing the remaining equity between husband and wife where only one spouse is in bankruptcy would be clearly inequitable. This would permit Kramer to reach nearly $5,000.00 in the home where he could have obtained nothing outside of bankruptcy and yet he would be relying on the same Oregon law in both cases. Had he taken execution on his Oregon judgment, the sheriff could not have sold Nelson's half interest without paying Nelson $12,000.00 out of the sale proceeds. ORS 23.270.

The court therefore concludes that Nelson as plaintiff-debtor is entitled to claim the full $12,000.00 Oregon homestead exemption against his half interest in the property. Since no nonexempt equity remains to which the lien of Kramer the defendant-creditor can attach, such lien is voidable under 11 U.S.C. § 522(f)(1) and judgment should be entered accordingly.