**In re Norman Nils ODEGAARD, Debtor(s).**

**Bankruptcy No. 382–00036.**

United States Bankruptcy Court, D. Oregon.

May 17, 1983.

Daniel F. Vidas, Portland, Or., for debtor.

J.R. Perkins, III., Dalles, Or., for claimant.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

The relevant facts are set forth in the memorandum opinion filed on November 8, 1982. Based upon that opinion, an order denying confirmation of the debtor's plan was entered on that same date. In the order the court allowed 15 days for either party to request a hearing to determine the value of the debtor's interest in the real property. Such a request was timely made and a hearing was held on January 4, 1983. At the hearing the parties stipulated that the property in question is held as tenants by the entirety by the debtor and his wife, who is not in bankruptcy; that the market value of the property is $70,000; that there is a balance of $21,000 due upon a mortgage executed by the debtor and his wife which has priority over the judgment lien of the objecting creditor; that the debtor has a life expectancy of 14.3 years; and that the debtor's wife has a life expectancy of 26.9 years.

The question raised by these facts is to what extent can the debtor void the judgment lien of the creditor under § 522(f)(1).

Under Oregon law a debtor may claim a homestead exemption in property in which he holds an interest as a tenant by the entirety to the extent of $15,000. ORS 23.240. A judgment creditor of only one of the spouses, as is the case of the creditor herein, may cause the sale upon execution of the debtor's interest in a tenancy by the entirety provided that the funds received upon the execution sale are of sufficient size to return $15,000 to the judgment debtor. Otherwise no sale can be had.

In Oregon the interest of a tenant by the entireties consists of a right of survivorship and a right to one-half of the rents and profits. This interest can be alienated by deed or by sale upon execution. The grantee of such a deed or the purchaser at an execution sale receives this entire interest. The transfer of the interest of one tenant however does not terminate the tenancy nor does it in any way affect the interest of the non-debtor spouse. The grantee or purchaser receives the right of survivorship of the grantor or judgment debtor and the right to receive, in the case of income producing property, one-half of the rents and profits during the continuance of the tenancy. If the judgment debtor dies before the non-debtor spouse, the grantee's or purchaser's interest in the property terminates. If the non-debtor spouse predeceases the judgment debtor, the grantee or purchaser then becomes the owner of the entire property free and clear of any interest in the property of the heirs or devisees and of the creditors of the non-debtor spouse. Thus, as in this case where the property is the residence of the debtor

and his spouse and is therefore not income producing property, the only right which would be obtained by the purchaser at an execution sale of the debtor's interest would be that of the debtor's right of survivorship. *Ganoe v. Ohmart,* 121 Or. 116, 254 P. 203 (1927).

In order to determine whether or not the judicial lien of the creditor in this case impairs the homestead exemption of the debtor, it is necessary for the court to determine what sum, if any, the creditor could obtain if an execution sale of the debtor's interest were to be had. To make this determination the court must deal with practicability as distinguished from theory. This is for the reason that there cannot be, under Oregon law, a sale upon execution unless a sufficient sum could be obtained to return to the debtor the sum of $15,000. Thus, it would be meaningless for the court to merely subtract from the market value the consensual liens and divide the remaining equity by two to determine the debtor's interest in the property unless, as a practical matter, the court can find that a purchaser would be willing to pay such a sum for the debtor's interest.

The purchaser at an execution sale of the interest of only one of the tenants would, of course, consider whether the property was income producing, the amount of the liens which would continue to encumber the property, whether he could count on the other tenant to pay all or some part of the encumbrances or whether he might be required to do so to prevent foreclosure, how long he might be required to wait before one or the other of the spouses might die, the probability that his entire interest in the property would be extinguished should the debtor predecease the non-debtor spouse; and that he would receive no income on his investment unless and until the non-debtor spouse predeceased the debtor spouse. Taking all these matters into account, the court finds that the value of the debtor's interest is far less than one-half of the combined equity of the debtor and his spouse.

In the state of California the statutes require that the proceeds received upon an execution sale must be applied first to the discharge of all liens and encumbrances, second to the homestead claimant to the amount of the homestead exemption, third to the satisfaction of the execution, and fourth, the balance, if any, to the homestead claimant. In the case of *Schoenfeld v. Norberg,* 11 Cal.App.3rd 755, 90 Cal.Rptr. 47 (1970), the court held that in the case of a joint tenancy, this statute required that the full amount owing upon liens and encumbrances must be paid from the proceeds of the sale of the interest of one joint co-tenant, regardless of whether such encumbrances represented debts upon which the tenants were jointly liable or upon which only the judgment debtor was liable. The court reasoned that to hold that only one-half of the joint liens should be paid would accomplish an illogical result. Prior to an execution sale the holder of the joint encumbrance could collect the entire amount from either of the joint tenants or by foreclosure upon the interest of both or only one of the joint tenants. It would not be possible for the court to discharge either tenant nor that tenant's interest in the property from the lien of the encumbrance upon mere payment of one-half of the amount due. Thus, if only one-half of the amount of the obligation was paid from the proceeds of the execution sale, the holder of the lien would still have the right to recover the unpaid one-half from the interest of the debtor which was sold upon execution. The unpaid one-half would still remain as an encumbrance against the property in the hands of the purchaser at the execution sale.

Under the California statute the sale upon execution is a sale free and clear of liens in that the liens are paid in full from the proceeds of the sale. Oregon does not have a statute similar to the California statute. Under Oregon law an execution sale is a sale subject to liens and encumbrances. There is no provision for payment of any part of the proceeds of the sale upon encumbrances superior to the lien of the executing judgment creditor. The purchaser

takes the property subject to the superior encumbrances. In the case of a joint obligation, the entire obligation remains a lien on the interest acquired by the purchaser at the execution sale. While in California, by virtue of its statute, a sale on execution cannot be had unless the amount bid exceeds the amount necessary to satisfy all liens and encumbrances and the homestead exemption, the result in Oregon is, as a practical matter, the same.

In the present case the market value of the property is $70,000. If it were assumed that a purchaser would consider that the debtor's right of survivorship had a value equal to one-half the total value or $35,000, the purchaser would be required to bid at least $15,000 to satisfy the debtor's homestead exemption. This would leave the purchaser's interest subject to the encumbrance of the mortgage with a balance of $21,000. The homestead of $15,000 and the mortgage of $21,000 would total $36,000 which would exceed the value of the debtor's interest of $35,000. Putting it another way, if the debtor's interest is equal to one-half of the value or $35,000, less the mortgage of $21,000 the remaining value is $14,000 which is less than the homestead exemption of $15,000. As a practical matter, no sale could be effected unless the survivorship interest of the debtor exceeded one-half of the total value of the property. In this case the opposite is true. The life expectancy of the debtor's wife is greater than his. This renders the value of his right of survivorship less than that of his wife. As a practical matter, the debtor's interest in the tenancy by the entirety is less than his homestead exemption of $15,000 and therefore the judgment lien of the creditor should be avoided in its entirety under § 522(f) as an impairment upon the debtor's homestead exemption.

The creditor asserts that if an execution sale were had, the purchaser at the execution sale could force a partition of the property and that such a partition would be a partition by sale with payment of the mortgage and a division of the balance of the proceeds between the creditor and the debtor's spouse. The difficulty with this assertion is that a tenancy by the entireties cannot, under Oregon law, be partitioned. A tenancy by the entireties can be terminated only by a dissolution of the marital relationship, the death of one of the spouses, a conveyance by one spouse to the other, or conveyances under which both tenants dispose of their interests in the property. Since neither tenant has the power to cause a partition of the tenancy, a successor in interest of one tenant likewise cannot force a partition.

The Oregon statutes provide that the interests of tenants in common may be partitioned. ORS 105.205. If a division of the property into separate parcels cannot be had without great prejudice, the court may order sale of the property and a division of the proceeds. ORS 105.205. If a sale of the property cannot be had without great prejudice, the party resisting partition is permitted to purchase the interest of the parties seeking a partition. The interest of a tenant in common holding a life estate in an *undivided* portion of the property can be sold if "in the judgment of the court a due regard to the interests of all the parties require." ORS 105.315 and 105.320. On the other hand, the court cannot order the sale of the interest of a tenant for life of the *whole* of the property which is the subject of partition. ORS 105.265.

As is explained in *Ganoe v. Ohmart,* supra, the interest of a tenant by the entirety is in the nature of a tenancy in common with a right of survivorship. Each tenant has the right to occupy the property for life. In this respect the interest is similar to a life estate in the whole property. It is conceivable that if the property were capable of a physical division, a court might enter a decree of partition setting apart a portion for each of the tenants to occupy to the exclusion of the other tenant with a right of survivorship in the entire property.

In the present case the property, being a residence, is incapable of a physical division. A partition could be had only by a sale and a division of the proceeds.

No Oregon case has been cited to or found by the court holding that a tenancy by the entirety may be partitioned by a sale and a division of the proceeds. In the present case, the creditor has cited only one case which appears to state that the interests of tenants by the entireties can be partitioned by a sale of the property.

In *Schulz v. Ziegler,* 80 N.J.Eq. 199, 83 A. 968, the husband had conveyed his interest in a tenancy by the entirety to the plaintiff, who sought a partition by sale of the property. The court held that the interest of the husband and wife is essentially a tenancy in common, terminated on the death of either, with remainder in fee to the survivor; that the interest of the husband could be transferred by him to a third party who thereby becomes a tenant in common for the joint lives in the husband's place; that partition may be had between such purchaser and the wife of this tenancy in common, "but without affecting in any way the common-law right of survivorship." The court further held a sale upon partition could not be absolute, but instead would be limited to the right of possession during the joint lives of the husband and the wife.

Even if the Oregon courts would permit such a sale as envisaged by the Schulz case, such a sale would not accomplish the result sought by the creditor in the present case. A purchaser at a partition sale would not acquire a fee simple interest but merely a right of possession of the property during the joint lives of the debtor and his wife. Should the debtor predecease his wife, she would then be the owner in fee simple free and clear of the interest of the purchaser at the partition sale.

It is questionable, in any event, that the Oregon courts would require the interest of a tenant by the entirety be sold to the extent of the tenant's life estate. ORS 105.315 contemplates that the interest of a life tenant in an undivided part of the property be set off out of a part of the property and that a sale be made of that part subject to the life estate. If such a physical division is not practicable or desirable, the statute provides that "if in the judgment of the court a due regard to the interest of all of the parties requires that such estate should also be sold, the sale of the estate may be ordered." It seems highly unlikely that under the statute an Oregon court would, in its discretion, require a wife's right to occupy the family home be sold and require her to accept some portion of the sale proceeds in lieu of her right to occupy the home during her lifetime, particularly when the only reasons for doing so would be for the purpose of permitting an assignee or creditor of the husband to realize some monetary gain prior to the death of the wife.

It is clear from the *Ganoe* case that each of the tenants by the entirety have a right of possession. In the case of non-income producing property, such as a personal residence, neither tenant could force the other to pay a sum equivalent to one-half the reasonable rental value during joint occupancy. Neither could one tenant force the other to pay a reasonable rental should he or she remove himself or herself from the property. The rights of a successor in interest of one tenant could arise no higher than the rights of the tenant from whom such interest arose. As a result, a purchaser at an execution sale of one tenant could not force the other tenant to pay a reasonable rental upon non-income producing property.

The Oregon courts have not yet dealt with the question of whether the purchaser at an execution sale of the interest of only one tenant would have the right to co-occupy the family residence with the non-debtor spouse. It is unlikely that an Oregon court would force such a co-occupancy upon the non-debtor spouse. As the court stated in *Hammond v. Econo-Car of North Shore, Inc.,* 71 Misc.2d 546, 548, 336 N.Y.S.2d 493, 495 (Sup.Ct. Nassau 1972):

"This Court cannot visualize in this case any substantive value in immediate occupancy rights to anyone outside the close family. Certainly, Econo-Car, or any purchasing stranger at a sheriff's sale, is not going to co-occupy with the family. And, what court would order a stranger into a home with Mrs. Hammond and her children? ... Perhaps the only value of

immediate execution upon the husband's interest here is to put pressure on the wife, either to sell the house, or to pay off an obligation that is not hers."

As a practical matter, any theoretical rights of the purchaser at an execution sale to co-occupy a residence with the non-debtor spouse would have no value.

The court's memorandum opinion and its order denying confirmation of the debtor's plan, both dated November 8, 1982, were in error in determining the value of the debtor's interest by subtracting from the value of the property the amount of the mortgage and dividing the remainder by two.

Orders will be entered herein confirming the debtor's plan and voiding the judgments held by the creditor.