**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Ramiro MOLINA, et al.,
Defendants-Appellees.**

No. 84–2547.

United States Court of Appeals,
Fifth Circuit.

July 8, 1985.

---

Glenn L. Archer, Jr., Asst. Atty. Gen., Tax Div., Michael L. Paup, Chief, Appellate Section, Tax Div., William S. Estabrook, Michael J. Roach, Attys., U.S. Dept. of Justice, Washington, D.C., James R. Gough, Asst. U.S. Atty., Houston, Tex., for plaintiff-appellant.

T.A. Zalenski, Pittsburg, Pa., for defendants-appellees.

Ramiro Molina, pro se.

Before REAVLEY, JOHNSON and HIGGINBOTHAM, Circuit Judges.

REAVLEY, Circuit Judge:

In this suit by the United States to foreclose its tax lien against the homestead of Ramiro and Anita B. Molina, the United States was awarded a judgment of $163,-778.39. The district court ordered foreclosure and sale of the homestead but Anita Molina, who was not separately liable for the taxes, was awarded 36.669 percent of the proceeds from the sale of the property as compensation for her homestead interest, 584 F.Supp. 1011. The United States appeals, claiming that the district court overvalued her homestead interest in the property. Agreeing with the United States, we reverse the portion of the district court's judgment dealing with the valuation of Anita's homestead interest and remand the case for reconsideration in light of our recent opinion in *Harris v. United States*, 764 F.2d 1126 (5th Cir.1985).

Molina Drilling Company, a partnership owned jointly by Ramiro Molina and his brother, Ruben, failed to remit employment taxes due with respect to the wages of its employees during the third and fourth quarters of 1976, the first and second quarters of 1977, and the fourth quarter of 1978. Assessments by the Internal Revenue Service against Molina Drilling, including penalties and interest, totaled $163,-778.39 on July 30, 1984.

The property foreclosed upon, a 267 acre tract owned in undivided one-half interests by Ramiro and Ruben Molina and their wives, was the homestead of Ramiro and Anita Molina. Accordingly, only the homestead interest of Anita Molina was compensable under *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983). In valuing Anita's interest, the district court ordered the United States to consider Ramiro's and Anita's undivided one-half interest as though it were owned only by Anita. As we explained in *Harris*, 764 F.2d at 1130, a homestead estate owned by a husband and wife must be valued using tables which account for the fact that the property is subject to concurrent use by two people. The district court here incorrectly read *Rodgers* to suggest that a jointly owned estate should be valued without consideration of the fact that the estate is owned by more than one person. The judgment of the district court is therefore reversed and the case is remanded so that Anita Molina's homestead interest can be valued correctly.

REVERSED and REMANDED.