**UNITED STATES of America,**
**Plaintiff-Appellant,**

**v.**

**Ronald C. GIBSON, dba Gibson Construction Company, State of Oregon, et al., Defendants-Appellees.**

**No. 85–4343.**

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 1987.*

Decided May 22, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Michael L. Paup, William S. Estabrook, and Thomas R. Lamons, Washington, D.C., for plaintiff-appellant on the brief.

No appearance for defendants-appellees.

Before SNEED and HALL, Circuit Judges, and AGUILAR,** District Judge.

CYNTHIA HOLCOMB HALL, Circuit Judge:

### I

Ronald C. Gibson owned and operated Gibson Construction Company as a sole proprietorship during tax years 1977 through 1981. During those years he failed to pay certain taxes. His total unpaid tax liability, including interest, amounted to $69,161.55. The government filed notices of federal tax liens on two pieces of property in which Gibson had an interest at the time. After unsuccessful attempts at collection, the government commenced this action pursuant to 26 U.S.C. § 7403 seeking foreclosure of these two pieces of property.

The parties consented to a trial before a United States Magistrate. 28 U.S.C. § 636(c). After a trial on the merits, the magistrate entered judgment against Gibson in the full amount of taxes assessed and authorized the foreclosure of one of the two pieces of real property to satisfy part of Gibson's liabilities.

The government appeals the magistrate's refusal to authorize foreclosure of the other piece of property in which Gibson had an interest. The property at issue consists of Gibson's residence and an adjoining thirty-six acres of land. Gibson and his wife own it as tenants by the entirety under Oregon law. The magistrate found that Gibson's wife would suffer "considerable prejudice" if a forced sale were ordered. The district court approved the magistrate's findings and recommendation.

### II

Section 7403 affords district courts limited equitable discretion in determining whether to order the sale of property to satisfy delinquent tax liabilities. *United States v. Rodgers*, 461 U.S. 677, 680, 103 S.Ct. 2132, 2135–36, 76 L.Ed.2d 236 (1983). District courts may exercise this limited discretion in individual cases to take into account both the government's interest in prompt and certain collection of delinquent taxes and the possibility that innocent third parties will be unduly harmed by that effort. *Id.*, at 709, 103 S.Ct. at 2151. The question in this case, therefore, is whether the district court abused its limited equitable discretion. We conclude that it did.

### III

A civil action pursuant to section 7403 is one method in a formidable arsenal of collection tools available to the government to collect taxes.[1] *Rodgers*, 461 U.S. at 682–83, 103 S.Ct. at 2137. While this section does not require a district court to authorize a forced sale under absolutely all circumstances, discretion is almost always limited to the consideration of four factors when the independent interests of third parties are involved. *Id.* at 709–11, 103 S.Ct. at 2151–52. The four factors which a court may consider are: (1) the extent to which the government's financial interests would be prejudiced if it were relegated to

---

** Honorable Robert P. Aguilar, United States District Judge, Northern District of California, sitting by designation.

1. Another method is for the Government to sue for the unpaid amount and exercise the usual rights of a judgment creditor. Yet another tool is the administrative levy under 26 U.S.C. § 6331(a).

a forced sale of the taxpayer's partial interest, (2) whether the third party with a nonliable separate interest in the property has a legally recognized expectation that his or her separate property will not be subject to a forced sale by the taxpayer's creditors, (3) the likely prejudice to the third party, both in personal dislocation costs and practical undercompensation, and (4) the relative character and value of the interests held in the property. *Id.*

 In this case, the district court[2] relied exclusively on the third *Rodgers* factor in refusing to order foreclosure. It found that Gibson's wife would suffer "considerable prejudice" if a forced sale were ordered. An examination of the record, however, reveals that this finding is based on pure conjecture.[3] Under these circumstances, we hold that the district court abused its limited equitable discretion in refusing to order a forced sale.

It is unclear from the record whether Gibson's wife was ever given the opportunity to present evidence on the prejudice issue. On remand, the district court should give her the opportunity to do so. Such evidence may warrant the exercise of reasoned discretion in this case. On remand, the district court should also consider the possibility of selling the thirty-six acres of adjoining land and giving the proceeds to the government while giving Gibson's wife complete title to the home.[4] Before adopting this solution, of course, the district court would need to take evidence on issues such as the severability of the home from the adjoining land, zoning regulations, and the marketability of each if sold separately. Finally, the district court should consider

2. As noted above, the district court approved the magistrate's findings and recommendation.

3. The only testimony relevant to the issue of prejudice to Gibson's wife is as follows:
Q. [Direct Examination by Gibson's Attorney] If the Court were to order a forced sale of your residence, do you have another residence that you could go to?
Gibson: No, I do not.
Q. How old are you?
Gibson: I'm 38.

the applicability of the other three *Rodgers* factors to this case.

Q. How old is your wife?
Gibson: 35.
Q. How old is your brother Marvin?
Gibson: He's 42. He's five years older than I am.
Q. Are all three of you in good health?
Gibson: Relatively, yes.

4. According to the government, the residence and the adjoining land are of roughly comparable value.