Submitted on record and briefs July 24, reversed and remanded with instructions
November 18, 1992

**LME, INC.,**
*Plaintiff,*
*and*

**Lee R. SHELTON,**
Assignee for LME, Inc.,
*Respondent,*

*v.*

**Fred LUMEN,**
*Appellant.*

(90-0574-L-1; CA A73668)

841 P2d 695

Sidney E. Ainsworth, Ashland, filed the brief for appellant.

Lee R. Shelton, Eugene, filed the brief *pro se.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

PER CURIAM

## PER CURIAM

Defendant debtor appeals an order authorizing plaintiff, who is assignee of a judgment against defendant, to execute on the judgment. He assigns error to the trial court's determination that his homestead exemption is $10,000.

Defendant and his wife own the property as tenants by the entirety. Defendant alone is the judgment debtor. The trial court concluded that his homestead exemption is $10,000, which is half of the amount allowed by statute for joint debtors. Defendant claims that he is entitled to an exemption of $15,000, the statutory amount for individual debtors.

ORS 23.240(1) provides, in part:

"A homestead shall be exempt from sale on execution, from the lien of every judgment * * * for the debts of the owner to the amount in value of $15,000, except as otherwise provided by law. * * * When two or more members of a household are debtors whose interests in the homestead are subject to sale on execution, * * * their combined exemptions under this section shall not exceed $20,000."

Defendant is the *sole* debtor, and only his interest is subject to sale on execution. He is entitled to $15,000 as a homestead exemption. *See In re Odegaard,* 31 BR 718 (Bankr D Or 1983); *In re Nelson,* 31 BR 158 (Bankr D Or 1981). The $20,000 combined exemption is inapplicable except when there are two or more debtors whose interests in the property are subject to sale on execution.

Reversed and remanded with instructions to enter amended order to provide for homestead exemption of $15,000.