**In re Rudie William PLETZ, Debtor.**

**Rudie William Pletz, Appellant,**

v.

**United States of America, Appellee.**

**No. 99–35248.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 14, 2000

Filed Aug. 10, 2000

James Ray Streinz, McEwen, Gisvold, Rankin, Carter & Streinz, Portland, OR, for appellant.

Michelle C. France and Charles F. Marshall, Department of Justice, Washington, D.C., for appellee.

Before: GOODWIN, GRABER and FLETCHER, Circuit Judges.

GOODWIN, Circuit Judge:

Rudie William Pletz (the "Debtor") appeals the district court's order sustaining the bankruptcy court's and Internal Revenue Service's (IRS) objections to the Debtor's Chapter 13 reorganization plan. The Debtor contends that the bankruptcy court and the district court incorrectly determined the value of his interest in the property he owned with his wife (the "Property") as tenants by the entirety.

## STANDARD OF REVIEW

The bankruptcy court's valuation of a debtor's property is a finding of fact that we review for clear error. *See Ebben v. Commissioner,* 783 F.2d 906, 908–09 (9th Cir.1986). However, the interpretation of Oregon law, including whether IRS tax liens may attach to a debtor's possessory interest in property held as a tenant by the entirety, is a question of law that we review *de novo. See Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.),* 177 F.3d 774, 782 (9th Cir.1999).

## FACTUAL AND PROCEDURAL BACKGROUND

The Debtor and his wife Emma Pletz live at 13236 N.W. McNamee Road in Portland, Oregon. Their property includes a two-acre parcel on which their home is located and an additional 26 acres of undeveloped land, which cannot be developed or sold separately from the residential parcel (the combined 28 acres are referred to as the "Property"). The Debtor and his wife hold the Property as tenants by the entirety. The parties stipulated that the value of the two-acre parcel was $266,800, and the bankruptcy court found that the value of the 26–acre portion was $138,870, for a total Property value of $405,670. The Debtor does not challenge these valuations on appeal, but rather disputes the percentage ownership interest that the bankruptcy court attributed to him as opposed to his wife.

The Debtor failed to file tax returns from 1982 through 1987. The IRS prepared substitute returns and determined tax deficiencies against the Debtor in the amount of $182,000. The Debtor filed a Chapter 13 petition in bankruptcy and proposed a plan that would value the IRS' secured claim in his share of the Property at $12,000. The IRS objected, claiming the Debtor's plan undervalued its collateral and the Debtor's interest in the Property. In a memorandum opinion, the bankruptcy court held that the IRS' lien attached to the Debtor's interest in the Property held as a tenancy by the entirety, and that the IRS was authorized to sell the Property so long as it compensated the Debtor's wife for her interest in the Property.

In determining the Debtor's percentage interest in the Property, the bankruptcy court initially valued his wife's interest, in accordance with *United States v. Rodgers,* 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983), as if she held a single life estate plus remainder interest. However, the IRS objected, arguing that while *Rodgers* was illustrative of the necessary calculation, it was not determinative, given that it involved the interest of only the *surviving* nondebtor spouse after the death of the debtor. Hence, the IRS urged in the instant case that the actuarial tables the bankruptcy court used to the calculate the Debtor's interest should reflect the joint interests of both spouses, rather than value his wife's interest as though she possessed a single life estate (and the Debtor had only a survivorship interest).

After considering the IRS' objection, the bankruptcy court modified its calculation to use joint-life actuarial tables instead of single-life data. It accounted for the wife's greater life expectancy compared to that of her husband by adjusting the 5–year and 10–year life expectancy tables it was given to reach the proper number for the actual 7–year life expectancy difference between men and women. Under the joint-life method, and correcting for the difference in anticipated lifespan, the court found that the wife had a 53.207% interest in the Property and that the Debtor had a 46.793% interest. Thus, the bankruptcy court determined that the value of the Debtor's interest in the Property was 46.793% of $405,670, or $189,825. Accordingly, the court entered an order denying confirmation of the Debtor's proposed Chapter 13 bankruptcy plan as unfeasible because it undervalued his interest in the Property.

The Debtor appealed to the district court to no avail. The district court affirmed the bankruptcy court's calculations, holding that the IRS' lien attached to the

Debtor's tenancy by the entirety interest in the Property. Further, the district court held that the bankruptcy court "properly interpreted Oregon law," fairly valued the Debtor's interest, and appropriately divided it with his wife. The Debtor appealed the district court's decision.

**DISCUSSION**

The crux of the Debtor's argument on appeal is that the IRS' lien should not attach to his *possessory* interest in property held as a tenancy by the entirety. Rather, he states that the IRS' secured interest should be limited to only the value of his *survivorship* interest in the Property even though he still remains in possession of the Property with his wife.

 Under Oregon law, a tenancy by the entirety is treated as a tenancy in common with an indestructible right of survivorship. *See Brownley v. Lincoln County*, 218 Or. 7, 343 P.2d 529, 531 (1959). Most important to this case, Oregon law permits the creditor of one spouse to execute on that spouse's interest in property held as a tenancy by the entirety with a nondebtor spouse. *See Hoyt v. American Traders, Inc.*, 301 Or. 599, 725 P.2d 336, 338 n. 1 (1986) (holding that the interest of the debtor, as tenant by the entirety with nondebtor spouse, may be sold on execution). This court has confirmed that an IRS lien may attach to a debtor's interest as a tenant by the entirety. *See United States v. Gibson*, 817 F.2d 1406, 1407 (9th Cir.1987). Further, in order to enforce a lien and collect on justly owed debts, the district court is empowered to order the sale of property to satisfy the tax debt of one tenant, so long as it compensates the nondebtor spouse for his or her interest. *See id.; see also Rodgers*, 461 U.S. at 680; 26 U.S.C. § 7403(a).

The Debtor relies on *Rodgers*, however, to support the bankruptcy court's initial (but reconsidered) preference for using single-life, rather than joint-life, actuarial tables to calculate his interest in the Property. Under a single-life analysis, the Debtor's wife would be considered to have

all the possessory interest in the Property while they were both alive, and the Debtor's interest would consist of only his right of survivorship. Debtor argues that the Supreme Court in *Rodgers* required the nondebtor spouse to receive "complete compensation" for her interest, stating:

> If the home is sold, the nondelinquent spouse is entitled, as part of the distribution of proceeds required under § 7403, to so much of the proceeds as represents the complete compensation for the loss of such spouse's separate homestead interest.

*Id.* Of course this is true. However, *Rodgers* involved the valuation of only a single life estate interest in property *after the debtor had predeceased his nondebtor spouse. See* 461 U.S. at 685, 103 S.Ct. 2132. Here the Debtor is still alive and has both an undivided right to the Property for his life *and* a right of survivorship. In fact, he still occupies the Property, and the issue simply is how much the IRS, as creditor, should receive as the value of the Debtor's interest in that Property.

 Hence, as the IRS objected, although *Rodgers* is illustrative of the necessary calculation, it is not determinative because it involved the interest of only a *single surviving* nondebtor spouse. Here, both the Debtor and his wife have joint interests in the Property. The bankruptcy court properly took into account these dual interests, as well as the difference in the anticipated life expectancies between men and women, in determining the respective interests of the Debtor and his wife in the Property. *See United States v. Molina*, 764 F.2d 1132, 1133 (5th Cir.1985); *Harris v. United States*, 764 F.2d 1126, 1130 (5th Cir.1985). As the Fifth Circuit observed in *Molina* and *Harris*, the bankruptcy court must use joint-life actuarial tables to calculate the Debtor's interest in order to reflect the concurrent interests of both spouses, rather than simply value his wife's interest as though she possessed a single life estate. *See Molina*, 764 F.2d at 1133; *Harris*, 764 F.2d at 1130. Oregon

law supports such a view regarding property held as tenants by the entirety. *See Brownley,* 343 P.2d at 531. By using joint-life actuarial tables, courts can appropriately take into account the fact that two persons each have individual interests in the life estate. *See Harris,* 764 F.2d at 1131 n. 2. To do otherwise and use single-life actuarial tables would result in the fallacy of the Property being valued at something other than 100% of its actual value. Because the Debtor and his wife each have an undivided life estate in the Property with a right of survivorship, the *sum* of their tenancy by the entirety interests must equal 100% of the value of the Property. *See id.*

 Public policy and common sense support this result. Oregon's stated policy goal is to prevent "a debtor from avoiding payments of his just debts by holding his land by the entirety." *Ganoe v. Ohmart,* 121 Or. 116, 254 P. 203, 207 (1927). Bankruptcy courts have the power to determine the value of a debtor's interest "in light of the purpose of the valuation and of the proposed disposition or use of such property." 11 U.S.C. § 506(a). When the Debtor continues to use and occupy property subject to a lien, the purpose of valuation is to determine what the creditor should receive in exchange for the Debtor's continued possession. *See Taffi v. United States (In re Taffi),* 96 F.3d 1190, 1192 (9th Cir.1996) (en banc). The IRS is not seeking to execute on the Debtor's interest and share the Property with his wife; it asks only to be compensated adequately for the fair value of the Debtor's survivorship interest as well as his continued current possessory interest in the Property.

Finally, the Debtor's reliance upon *In re Odegaard,* 31 B.R. 718, 720 (Bankr.D.Or. 1983), in an attempt to bolster his claim that his tenancy by the entirety interest should be limited to only his survivorship interest, is misplaced. *Odegaard* predates this court's opinion in *Taffi,* 96 F.3d at 1192, in which we stated explicitly that "when the proposed use of the property is continued retention by the debtor, the purpose of the valuation is to determine how much the creditor will receive for the debtor's continued possession." Furthermore, the facts of *Odegaard* are distinct from those confronting the Debtor. *Odegaard* involved a *judgment* creditor who was seeking an execution sale, whereas the Debtor is confronted by a lien creditor in the instant case who desires only to be compensated for the Debtor's continued possession. In *Odegaard,* the court held that under state law the only right that could be obtained by a judgment creditor at an execution sale would be that of a debtor's survivorship interest in property held as a tenancy by the entirety. *See Odegaard,* 31 B.R. at 720 (citing *Ganoe,* 254 P. 203). It is highly unlikely that that same judgment creditor would have any right to co-occupy a residence with a non-debtor spouse. *See id.* at 722. That explains why the *Odegaard* court held that the judgment creditor was entitled to only the debtor's survivorship interest.

Federal law, on the other hand, explicitly allows a lien creditor like the IRS to sell not only a debtor's interest in a property, but the entire property held as a tenancy by the entirety by the debtor and his nondebtor wife. *See* 26 U.S.C. § 7403; *Rodgers,* 461 U.S. at 693–94, 103 S.Ct. 2132 (noting that a federal district court has the power to order sale of the home itself, not just the delinquent taxpayer's interest in the property). As this court held in *Gibson,* 817 F.2d at 1407, the district court is authorized to order the forced sale of a property to protect the federal government's interest in prompt and certain collection of delinquent taxes. Thus, because the IRS may sell the entire property (as long as it compensates the non-debtor spouse), the IRS is not limited, as an Oregon judgment creditor might be in the case of a residential tenancy by the entirety property, to merely the value of Debtor's survivorship interest in the Property.

## CONCLUSION

The bankruptcy court and the district court properly valued the Debtor's interest in the Property that he holds jointly with his wife as a tenancy by the entirety.

AFFIRMED.