Decided 31 December, 1900.

**HOWELL *v.* FOLSOM.**

[63 Pac. 116.]

</div>

ESTATE BY ENTIRETY*— CONVEYANCE BY MARRIED WOMAN.

1. In Oregon a married woman may convey or encumber property in which she has an interest to the same extent and in the same manner that her husband can property in which he has an interest, so that a wife can separately mortgage her interest in land held by entirety, since the husband has the same right as to his interest.

---

*NOTE.—See exhaustive monograph, Tenancy by Entireties, with *Hiles* v. *Fisher*, 30 L. R. A. 305.

Whether Estates by Entireties are Abolished by Married Women's Acts, note to *Hiles* v. *Fisher*, 43 Am. St. Rep. 762, 768; note to *Robinson's Appeal*, 51 Am. St. Rep. 367, 372; s. c., 30 L. R. A. 331; *Donegan* v. *Donegan*, 49 Am. St. Rep. 53, 55.

Tenancy by Entireties in Personal Property. See *Matter of Albrecht*,

SEPARATE CONVEYANCE BY MARRIED WOMAN.

2. Section 3003, Hill's Ann. Laws, must be read in connection with Section 2992, as amended in 1893 (Laws 1893, p. 170), and when so read it does not affect the right of a married woman to convey by separate deed any interest that she may have in real property: *Velten* v. *Carmack*, 23 Or. 282, cited.

From Marion: REUBEN P. BOISE, Judge.

Suit to foreclose a mortgage executed solely by a married woman who had an estate by entirety in the premises. The husband afterward died, and upon the final hearing the mortgage was declared void because the husband had not joined in its execution.                    REVERSED.

For appellant there was a brief and an oral argument by *Mr. George G. Bingham.*

For respondents there was an oral argument and a brief by *Messrs. R. J. Fleming* and *Tilmon Ford.*

At common law neither the husband nor the wife could dispose of any part of an estate by the entirety without the assent of the other: Coke's Littleton, 187; 2 Blacksone's Com. 182.

This is the law in America except where the common law is abrogated by positive legislative enactment: 2 Kent. 132; 1 Ballard's Annual on R. P., § 237; *Den* v. *Hardenbergh,* 10 N. J. Law, 42 (18 Am. Dec. 371); *Rogers* v. *Benson,* 5 Johns. Ch. 431; *Torrey* v. *Torrey,* 14 N. Y. 430; *McDuff* v. *Beauchamp,* 50 Miss. 531; *Jackson* v. *Stevens,* 16 Johns.

---

32 Am. St. Rep. 700, 18 L. R. A. 329; *Bramberry's Appeal,* 22 L. R. A. 594, 36 Am. St. Rep. 64, 67; *Phelps* v. *Simons,* 38 Am. St. Rep. 430, 436. Also, note in 30 L. R. A. at p. 317.

Effect of Divorce on an Estate by Entireties. See *Appeal of Lewis.* 24 Am. St. Rep. 94; *Steltz* v. *Shreck,* 26 Am. St. Rep. 475, 479, 13 L. R. A. 325; *Hopson* v. *Foulkes,* 36 Am. St. Rep. 120, 125, 23 L. R. A. 805; *Russell* v. *Russell,* 43 Am. St. Rep. 581, 583; *Donegan* v. *Donegan,* 49 Am. St. Rep. 53, 55.—REPORTER.

109; *Marburg* v. *Cole,* 49 Md. 402 (33 Am. Rep. 266) ; *Ross* v. *Garrison,* 1 Dana, 35 ; *Taul* v. *Campbell,* 7 Yerg, 319 (27 Am. Dec. 508) ; *Brownson* v. *Hall,* 16 Vt. 309 (42 Am. Dec. 517) ; *Moore* v. *Cheney,* 37 Ind. 391.

In further support of the doctrine that husband and wife is one person "that they twain shall be one flesh" we cite : ii Gen. 24; xix Matt. 5-6; x Mark, 8.

The so-called married women's acts do not affect tenancies by the entirety : *Diver* v. *Diver,* 56 Pa. St. 106 (94 Am. Dec. 49) ; *Gillans, Ex.* v. *Dixon,* 65 Pa. St. 395; *McDuff* v. *Beauchamp,* 50 Miss. 531 ; *Robinson* v. *Eagle,* 29 Ark. 202; *Fisher* v. *Provin,* 25 Mich. 347.

MR. CHIEF JUSTICE BEAN delivered the opinion.

On November 21, 1895, the defendant Maggie Folsom, being the owner, with her husband, of an estate by the entirety in lots 3 and 4, block B, in Simpson's Addition to Salem, mortgaged the same to plaintiff to secure a loan of $350; and, the husband, having subsequently died, this suit was instituted to foreclose the mortgage, but the court held it void because the husband did not join in its execution, and plaintiff appeals.

1. It is argued in support of the decree of the court below that neither spouse can convey an estate by the entirety without the assent of the other, and therefore the mortgage sought to be foreclosed is void, even as against the mortgagor. It is often said in judicial opinions that at common law, under a conveyance of real property to husband and wife, both are seised of the entirety, and neither can alienate or dispose of any part of the estate without the consent of the other. It is believed, however, this means that "one cannot sever the interest or make any disposition of the estate so as to affect the right of survivorship" : *Enyert* v. *Kepler,* 118 Ind. 34 (10 Am. St. Rep. 94, 20 N. E. 539) ; *Ames* v. *Norman,* 4 Sneed, 683 (70 Am. Dec. 269, note). According to

the great weight of authority, at common law a conveyance of the estate by the husband during the lifetime of the wife is valid as against him, and vests the fee in the purchaser in case the husband survive the wife. Mr. Tiedeman thus states the rule: "During coverture the husband has the entire control of the estate, may convey it away, and it is liable to be sold under execution for his debts. If the husband.survives the wife, this conveyance of it to a stranger will be as absolute as if the estate had been one in severalty. But, if the wife survives the husband, she acquires, by right of survivorship, the entire interest in the land, and is entitled to her proper action for the recovery of possession": Tiede-man, Real Prop., § 242. And Mr. Washburn says: "If the husband convey the entire estate during coverture, and dies, his conveyance will not have affected her rights of survivorship to the entire estate. But if, in such case, the husband survive, his conveyance becomes as effective to pass the whole estate as it would have been had the husband been sole seised when he conveyed it": 1 Washburn, Real Prop. (5 ed.), 707. See, also, 1 Bishop, Mar. Wom., § 621; 1 Ballard, Real Prop., § 240; 15 Am. & Eng. Enc. Law (2 ed.), 848; *Den* v. *Hardenbergh,* 10 N. J. Law, 42 (18 Am. Dec. 371, note); *Branch* v. *Polk,* 61 Ark. 388 (30 L. R. A. 324, 328, note, 54 Am. St. Rep. 266, note, 33 S. W. 424); *Hiles* v. *Fisher,* 144 N. Y. 306 (43 Am. St. Rep. 762, 768, note, 30 L. R. A. 305, note, 39 N. E. 337). We take the rule, therefore, to be abundantly established that a husband can convey an estate held by himself and wife as tenants by the entirety, and that such conveyance will vest the fee in the purchaser, if the husband survive the wife. And, as our statute has given the wife power and authority to sell and convey her property "to the same extent and in the same manner that her husband can property belonging to him" (Laws 1893, p. 170, amending Section 2992, Hill's Ann. Laws), we think it clear she may convey an estate by the

entirety with like effect as her husband. The right at common law of the husband during coverture to the control and usufruct of the land, and the inability of the wife to convey without her husband joining in the deed, were not incidents of such an estate, but of the marital disabilities and rights which have been removed and enlarged by modern legislation. The courts of other states have held that, under acts relating to married women, of similar import to ours, the wife is entitled to the same use and benefit of an estate by the entirety as the husband, and has the same power of alienation. Thus, in *Buttlar* v. *Rosenblath,* 42 N. J. Eq. 651 (59 Am. Rep. 52, 9 Atl. 695), it was held, under the legislation of that state, which preserves to married women their separate rights of property, that the wife is endowed with the capacity, during the lives of herself and husband, to hold in her possession one-half the estate held by them as tenants by the entirety in common with her husband, as fully as if she were a single woman. In *Hiles* v. *Fisher,* 144 N. Y. 306 (39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762), a husband and wife were seised of an estate by the entirety. The husband alone mortgaged the entire estate to secure his individual debt, and subsequently conveyed the property to his wife. Thereafter the mortgage was foreclosed, and the purchaser at the sale insisted that he was entitled to the possession of the entire property during the joint lives of the husband and wife, and to the fee in case the husband survived the wife, while the wife maintained that the mortgage given by her husband was void because not signed by her, and that, his interest having been conveyed to her, she was the absolute owner of the property. But the court held, in a very satisfactory opinion by Mr. Chief Justice ANDREWS, that, under the general statutory provisions of that state giving married women power to control or dispose of their own property, a husband and wife are entitled to the rents and profits of an estate by the entirety in separate moieties,

and that a purchaser at a foreclosure sale, under a mortgage given by the husband alone when the wife is alive at the time of the sale, obtains the husband's interest, subject to the right of the wife, if she survive him, with a right to use an undivided half during the joint lives of husband and wife, and to the fee if the husband survive. Again, in *Branch v. Polk,* 61 Ark. 338 (33 S. W. 424, 30 L. R. A. 324, 54 Am. St. Rep. 266), under a statute authorizing a married woman to dispose of her property as a *feme sole,* it was held that she might convey or mortgage her interest in an estate by the entirety, subject to the right of survivorship in her husband, without his joining in the instrument, and that such mortgage was valid as against the wife, she having survived her husband.

2.   It was suggested at the argument that under Section 3003, Hill's Ann. Laws, a married woman cannot convey her real property without her husband joining in the deed. But that section has been modified or amended by subsequent legislation (Laws 1893, p. 170, which amends Section 2992, Hill's Ann. Laws), and she may now sell or convey her property by her sole deed: *Velten* v. *Carmack,* 23 Or. 282 (31 Pac. 658, 20 L. R. A. 101). The decree of the court below is therefore reversed, and a decree will be entered here as prayed for in the complaint.      REVERSED.