Argued March 18; affirmed September 30; rehearing denied
December 23, 1930

## PFAFFINGER *v.* SEELY ET UX.

(291 P. 1015)

*Wallace P. Carson* of Salem (Carson & Carson of Salem on the brief) for appellants.

*W. C. Winslow* of Salem for respondent.

COSHOW, C. J. The motions for a nonsuit and directed verdict may both be considered under the one head. Both motions were made on the claim that there is no evidence of defendant Irma Seely being connected with the injuries inflicted upon the plaintiff. Defendants claim that there is no evidence that defendant Irma Seely owned either the hops, the horses and wagon, or that she employed the person in charge of said team.

■ Plaintiff introduced as a part of his testimony the deed showing conveyance of the property on which the hops were harvested to the defendants jointly as husband and wife. Defendants were, therefore, the owners as tenants by the entirety. Each had an equal and the same interest in the property. Each owned the same interest in the products of the land: *Schafer v. Schafer,*

122 Or. 620, 635 (260 P. 206, 59 A. L. R. 707); *Ganoe v. Ohmart,* 121 Or. 116 (254 P. 203); 30 C. J. 619, 623, § 169; 13 R. C. L. 1169, 1227; 40 Cyc. 2224; *Meck v. Cavanaugh,* 147 Wash. 153 (265 P. 178), and cases therein cited. Defendant Irma Seely was asked: "Q. Do you know whether you got any returns from your hops that year or not?" "A. Yes, sir." There is some other evidence that lends some strength to the ownership of the hops being hauled with the team and wagon with which the collision occurred.

■ Defendant Irma Seely's ownership taken together with her testimony that she had received returns from the hops is some evidence that she was interested in the hops. That was sufficient evidence to take the case to the jury on a question of defendant's liability. There is no dispute about the man in charge of the team being the employee of defendant P. H. Seely. There is no evidence which tends in any way to indicate that said P. H. Seely was acting in any other way than as the owner of the farm. Under the laws of this state as shown by the authorities above cited the owners of the farm were the owners of the hops, and whether or not she employed the man to drive the team is immaterial. He was working for the owners of the hops.

■ The other error may be disposed of similarly. It is based on the claim that no evidence was introduced to prove the following allegation in the complaint:

"That said defendants carelessly and negligently permitted said team and wagon upon said highway at said time and place without a driver in actual control thereof but permitted said team and wagon to stroll down said highway without being driven by anyone."

There is evidence that as plaintiff approached the team on his motorcycle he noticed the lines were sag-

ging down below the horses' backs and appeared to be fastened to the standard. A hay rack was on the running gears of the wagon. He could see no driver.

After the collision plaintiff called for help but could see no one on the hay rack. The hay rack was empty and was returning from the hop kiln to the home of defendants. After calling for help he saw a person rising up to a sitting posture and stretch his arms. He observed that he had been lying across the hay rack at right angles approximately with the way the team was traveling. Two other parties who had passed the same team and wagon a very short distance from and brief time prior to the collision also testified that there was no driver in sight. Both of them looked to see. To them the team and wagon seemed to be proceeding without a driver in charge.

We think there was sufficient evidence to carry the case to the jury. The instruction containing the words quoted as objected to by defendants was properly given. There was evidence that at the time the collision occurred no one was driving the horses.

Finding no error the judgment is affirmed.

RAND and ROSSMAN, JJ., concur.