Argued July 8, modified September 9, 1959

# BROWNLEY *v.* LINCOLN COUNTY, AND STATE UNEMPLOYMENT COMPENSATION COMMISSION

343 P. 2d 529

*Harry G. Spencer,* Assistant Attorney General, Salem, Oregon argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and E. Nordyke and Roland V. Brown, Assistant Attorneys General, Salem, Oregon.

*Harry G. Hoy,* Ocean Lake, Oregon argued the cause and filed a brief for respondent.

Before MCALLISTER, Chief Justice, and PERRY, O'CONNELL and CRAWFORD, Justices.

O'CONNELL, J.

This is a suit in equity brought by the plaintiff to quiet her title to certain land in Lincoln County against defendants Lincoln County and the State Unemployment Compensation Commission. A default judgment was entered against the defendant, Lincoln County, from which it does not appeal. The lower court entered a decree for the plaintiff against the defendant State Unemployment Compensation Commission, the effect of which is to defeat the commission's lien arising out of a judgment obtained against plaintiff's former husband.

The commission obtained a money judgment against Leo G. Brownley on March 1, 1954. The judgment was duly docketed in Lincoln County on the same day. No effort was made by the defendant to obtain a levy of execution upon its judgment. At the time the judgment was docketed Leo G. Brownley and the plaintiff, Lois Maxine Brownley, were husband and wife and were owners as tenants by the entirety of the land which is the subject of plaintiff's suit to quiet title.

After the entry of the judgment the plaintiff brought a suit for divorce against Leo G. Brownley and on May 2, 1955 a decree dissolving the marriage

was entered. The court also awarded the plaintiff all the right, title and interest of Leo G. Brownley in the land in question.

On July 24, 1956 the plaintiff brought the present suit, seeking to quiet her title in the land awarded to her in the divorce from the alleged lien of the judgment entered in favor of the commission. The defendant demurred to the complaint. The demurrer was overruled, whereupon the case was submitted to the trial court upon stipulated facts which we have recited above. The trial court entered a decree quieting the plaintiff's title against the defendant commission's judgment lien.

■ We have recognized in this state a form of concurrent ownership in real property by husband and wife which we have denominated a tenancy by the entirety. *Dahlhammer and Roelfs v. Schneider Exec.,* 197 Or 478, 252 P2d 807 (1953); *Ganoe v. Ohmart,* 121 Or 116, 254 P2d 203 (1927); *Stout v. Van Zante,* 109 Or 430, 219 P 804, 220 P 414 (1923); *Noblitt v. Beebe,* 23 Or 4, 35 P 248 (1882). It is not in all respects the same as a tenancy by the entirety at common law and, in fact, for some purposes might more aptly be described as a "tenancy in common with an indestructible right of survivorship." 4 Powell on Real Property, § 623, p 667.

■ However, we have recognized that the title held by tenants by the entirety is a single title representing the whole interest in the land and that this is vested in each tenant subject to defeasance by his death prior to that of his cotenant. *Wenker v. Landon,* 161 Or 265, 88 P2d 971 (1939); *Klorfine v. Cole,* 121 Or 76, 252 P 708, 254 P 200 (1927). We say that upon the death of one spouse the estate does not pass to the survivor but continues in the surviving spouse free of the in-

terest of the deceased spouse. *Wenker v. Landon,* supra; *Schafer v. Schafer,* 122 Or 620, 260 P 206, 59 ALR 707 (1927).

Although tenants by the entirety are held to be vested with a single title our legislation and cases have modified the common law theory of the unity of ownership to the extent that each is regarded as the separate owner of one half the rents and profits and each spouse has the power to convey or encumber the whole title subject to the right of survivorship in the other spouse. *Ganoe v. Ohmart,* supra; *Klorfine v. Cole,* supra; *Howell v. Folsom,* 38 Or 184, 63 P 116 (1900). However, if one spouse conveys or encumbers his interest in the estate the grantee or encumbrancer has a right during coverture only to the grantor's share of the rents and profits. *Howell v. Folsom,* supra. In such cases it is proper to say that the interest conveyed by the granting spouse vests in the grantee or encumbrancer subject to the other spouse's contingent right of survivorship. If the grantor should predecease his spouse the interest of the grantee or encumbrancer in the estate ceases; but if the grantor survives his spouse then the surviving spouse's interest, freed from the interest of his cotenant, remains vested in the grantee or encumbrancer. *Howell v. Folsom,* supra.

The same results obtain where the interest claimed by a third person in the estate of one spouse was acquired, not by voluntary conveyance, but by the legal devices available to creditors for reaching the interest of a debtor spouse. *Ganoe v. Ohmart,* supra; *Klorfine v. Cole,* supra.

In the present case the defendant commission, in docketing the judgment against Leo G. Brownley, obtained a lien upon his interest in the land in question.

ORS 18.350(1). That lien gave the defendant priority over the interest of third persons arising subsequent to the docketing of the judgment. ORS 18.370; *Davidson v. Richardson,* 50 Or 323, 89 P 742, 91 P 1080, 17 LRA (NS) 319, 126 Am St Rep 738 (1907); *Kaston v. Storey,* 47 Or 150, 80 P 217, 114 Am St Rep 912 (1905); *Meier v. Kelly,* 22 Or 136, 29 P 265 (1892). The sole question for our determination is whether the plaintiff acquired an interest in the land through the award made in the divorce proceeding in which event the defendant's lien, being prior in time, would have priority, or whether plaintiff's interest existed prior to defendant's lien and the award in the divorce proceeding merely eliminated the interest of Leo G. Brownley.

■ Had the court in the divorce proceeding made no award to the plaintiff of her husband's interest in the land the decree dissolving the marriage clearly would have resulted in converting the tenancy by the entirety into a tenancy in common. *Morrow v. Morrow,* 187 Or 161, 210 P2d 101 (1949); *Siebert v. Siebert,* 184 Or 496, 199 P2d 659 (1948); *Fuller v. Fuller,* 175 Or 136, 151 P2d 979 (1944); *Wilhelm v. Wilhelm,* 126 Or 388, 270 P 516 (1928); *Schafer v. Schafer,* supra. However, the plaintiff contends that under ORS 107.100 (4) a decree of divorce need not have the effect of converting a tenancy by the entirety into a tenancy in common. This subsection provides as follows:

"Whenever a marriage is declared void or dissolved, the court shall make such division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances, in addition to any further relief decreed as provided for in subsections (1), (2) or (3) of this section."

The plaintiff argues that the trial court has power under the foregoing subsection to make a disposition of property held by the entirety by declaring in effect that the interest of one spouse (Leo Brownley in this case) is at an end. This, it is contended, has the same effect as the cessation of a tenant's interest by death in which case it is undisputed that the lien of the judgment would cease to attach to the interest exclusively in the survivor.

■ It is admitted by the plaintiff that prior to the 1947 amendment of ORS 107.100 the necessary effect of divorce was to sever the title to land held by the entirety and create in the parties a tenancy in common. We find nothing in the language of the amendment itself or in the legislative purpose in enacting the amendment to indicate an intent to change this rule. Prior to the amendment the prevailing party was entitled to a one third part of the land of the other party. § 9-912, OCLA as amended, Oregon Laws 1941, ch 407, p 694. The 1947 amendment gave the trial judge discretion to fit the amount to the circumstances of each case. It is quite probable that the amendment was felt necessary in view of the fact that at the same session a community property law was enacted which provided that upon dissolution of a marriage the husband and wife would be vested with an undivided one half interest in the community property and that they would "have such rights in other property as are provided by the laws of this state." Oregon Laws 1947, ch 525, § 11. It is possible also that the legislature intended to avoid the construction placed upon the prior act in *Schafer v. Schafer,* supra, where we held that a successful party in a divorce action was precluded from taking an interest in the losing party's share of an estate by the entirety.

Were we inclined to rest our decision upon an interpretation of the language of the statute as amended we would find defendant's argument more appealing. It calls our attention to the fact that ORS 107.100 provides that "Whenever a marriage is declared void or dissolved, the court has power *further* to decree as follows * * *." (Italics supplied). Subsection (4) then also provides that the disposition of the property by the court is made "in addition to" the relief specified in preceding sections. This language is pointed to by the defendant as evidencing an intent to regard the disposition of property as the exercise of a power which follows in point of time after the exercise of the power resulting in the dissolution of the marriage. Applying this idea, the defendant argues that since the divorce court could not award to the plaintiff Leo Brownley's interest in the property until after the marriage was dissolved, the tenancy in common must have been first created and, therefore, the decree awarding the property to the plaintiff had the effect of transferring Leo Brownley's interest to her, but only after the lien of the defendant commission's judgment had attached to Leo Brownley's separate interest as tenant in common.

To support this position the defendant relies upon certain language in our cases. In *Houston v. Timmerman*, 17 Or 499, 505, 506, 21 P 1037 (1889) the court said:

"But the court cannot affect the title of the real property of the defendant in a divorce proceeding until the point is reached that a decree of divorce is to be rendered. Temporary alimony may be granted *pendente lite*, but the title of the real estate of the defendant remains intact, and cannot be affected during the pendency of the proceeding, but only when the proceeding for a divorce has ter-

minated, and a decree rendered that the marriage is dissolved, and then only by force of the statute.

\* \* \* \* \*

"It is 'whenever a marriage shall be declared dissolved' that the statute operates,—not before, or *pendente lite,*—and the court then becomes authorized and it is its 'duty' 'to enter a decree' for the undivided one-third part in fee of the whole of the real estate *'owned* by the defendant *at the time of such decree'* for a divorce.

"It must be manifest, then, that the primary object of the suit is to affect the marriage relation,— *its status,*—that it is the specific matter in controversy to be affected, and that it is only when the *status* is changed by a decree of divorce that the statute operates to divest title 'owned' by the defendants, and that it then becomes the duty of the court to enter a decree in accordance with its provisions."

We do not wish to rest our decision upon a choice of plaintiff's and defendant's speculations as to whether or not an interval of time separated the decree of divorce and the award of the property to the plaintiff. Such a rationale would have no more substance than the theory of transitory seisin used to explain the lien rights of a purchase money mortgagee against the claims of the mortgagor's spouse.

More substantial reasons compel us to hold that the defendant's lien continues to attach to the land after the decree awarding it to the plaintiff. As we have already observed, the lien would clearly attach had there been no award of the property to the plaintiff. It is, then, only the circumstance that the divorce decree also includes an award of the property which can be relied upon as a basis for excluding the judgment lien. This rests the result in each case on the fortuity that the particular land subject to the lien is

awarded to the non-debtor spouse. According to such a view a creditor retains his lien if the award takes the form of a money judgment rather than a decree specifying the particular land held by the entirety. Or the creditor continues to have a lien if it happens that the court designates other land as the subject matter of the award. In making the choice of the manner in which the successful party's demand will be satisfied the trial court does not ordinarily consider the effect that it will have on creditors' claims and consequently no effort is ordinarily made to marshal the debtor's assets to save the creditor's lien even where it is possible to do so. We cannot endorse a rule which rests the lien claimant's right upon happenstance.

Further, since it is accepted theory that a tenancy by the entirety is converted into a tenancy in common where no award of the spouse's share is made, it seems reasonable to us that the award be viewed as the equivalent of a transfer by the court of the spouse's share in the estate rather than as a judicial defeasance which cuts off the spouse's interest in the same manner that death would do so. If additional support for our conclusion is needed it can be found in the policy which has already shaped the law of estates by the entirety in this state.

It has been pointed out that Oregon is one of four states in which "the transition away from the traditional form of the tenancy by the entireties has gone furthest." 4 Powell on Real Property, § 623, p 667. One of the principal forces causing this transition in our state is judicial recognition of the demands of creditors. See 4 Powell, supra, § 623, p 663. We think that this policy favoring the claims of creditors which was recognized in *Ganoe v. Ohmart*, supra, and *Klorfine v. Cole*, supra, is sound and that it should be applied in the

situation presented in the case at bar by regarding the defendant's lien as following Leo Brownley's interest into the new title which he acquired as a tenant in common by virtue of the decree of divorce.

We regard the award to the plaintiff of Leo Brownley's undivided one half interest in the land as arising subsequent to the docketing of the judgment. Therefore, she took that interest subject to the lien of the defendant's docketed judgment.

The plaintiff takes the position that the defendant's lien is a "mere gratuity conferred by law" which gives the lien claimant a right only to levy upon the land to the exclusion of adverse interests acquired subsequent to the docketing of the judgment. It is argued that the defendant knew that the plaintiff had an interest in the land as a tenant by the entirety and that she might become the exclusive owner of the land by surviving her husband or through an award in the divorce proceeding, but that in spite of this knowledge the defendant did not perfect its rights in the property although it did procure the issuance of three writs of execution prior to the date of the divorce decree, all of which were returned unsatisfied by the Sheriff of Lincoln County. It appears to be conceded that had the defendant actually levied execution on Leo Brownley's interest prior to the rendition of the divorce decree the defendant would then have been entitled to prevail in this suit. This argument is built upon the premise that the docketing of the judgment does not in itself put the judgment creditor in a position of advantage over other claimants but is merely a step in the perfection of a right to priority which is completed by the levy of execution.

■ This is a mistaken view of the meaning of ORS 18.350(1). The lien created by the docketing of a judg-

ment has priority over adverse interests subsequently acquired. The plaintiff's reliance upon *Meier v. Kelly,* 22 Or 136, 29 P 265 (1892) and *Thompson v. Hendricks,* 118 Or 39, 245 P 724 (1926) makes it evident that she has confused the law relating to the priorities between a judgment lien claimant and those having *interests arising prior to the docketing of the judgment* (which was the situation in the cases relied upon) and the priorities as between a judgment lien claimant and those whose *interests arose subsequent to the docketing of the judgment* (which is the situation in the case at bar). It is not necessary for us to appraise the cases dealing with the priorities between judgment lien claimants and those having antecedent interests. See criticism in Note, 31 Oregon L Rev 330 (1952). It is enough to say that the law expressed in those cases is not helpful to us here because, as we have already indicated, we regard the award to plaintiff as a transfer of Leo Brownley's undivided one half interest in the land subsequent in time to the docketing of the judgment.

The decree of the lower court quieting plaintiff's title shall be modified so as to make the land in question subject to the lien of defendant commission's judgment.