Argued and submitted May 31, affirmed July 13, 1988

SANDERSON et al,
*Respondents,*

*v.*

HEFFINGTON,
*Appellant.*

(16-85-10052; CA A45407)

757 P2d 866

William N. Kent, Eugene, argued the cause and filed the brief for appellant.

Harold D. Gillis, Eugene, argued the cause and filed the brief for respondents.

Before Warden, Presiding Judge, and Van Hoomissen and Graber, Judges.

GRABER, J.

## GRABER, J.

James Heffington and defendant,[1] then husband and wife, owned real property as tenants by the entirety.[2] In 1975, a mortgage was given on the property to secure a promissory note for $18,600. James signed the mortgage and forged defendant's signature. The forgery was not discovered until the present action was pending.

In 1978, James and defendant were divorced. The judgment of dissolution awarded defendant all interest in the property, subject to any outstanding indebtedness. Thereafter, James failed to pay $4,183.76 on the promissory note, which prompted plaintiffs to institute the present action. The trial court foreclosed plaintiffs' mortgage on an undivided one-half interest in the property. Defendant appeals and argues that, because she and James owned the property as tenants by the entirety with a right of survivorship, any interest plaintiffs hold is subject to her retained right of survivorship.[3]

Before the divorce, James could convey or encumber his interest in the property without destroying the tenancy by the entirety. *Heacock et al v. Loder et al,* 106 Or 323, 329, 211 P 950 (1923); *Howell v. Folsom,* 38 Or 184, 187, 63 P 116 (1900). He could not convey defendant's interest without her consent, however. *Ganoe v. Ohmart,* 121 Or 116, 119, 254 P 203 (1927). The parties agree that James could encumber only his one-half interest in the property, and that is what the trial court foreclosed.

---

[1] Junior lienholders were also named as defendants, but they are not parties to this appeal.

[2] Plaintiffs argue that there is insufficient evidence in the record to determine the nature of the interest held by defendant and James. We disagree. Defendant's affidavit states that it was her understanding that the property was acquired and held by them as husband and wife with the right of survivorship. In addition, plaintiffs admitted that the property was conveyed to defendant and James in fee. When land is conveyed to husband and wife by one instrument, the parties hold the land as tenants by the entirety, unless the conveyance manifests some other intention. *Pfaffinger v. Seely,* 134 Or 542, 543, 291 P 1015 (1930); *see also* ORS 93.180. We also reject defendant's alternative argument that defendant and James held a type of survivorship estate that she labels "tenancy in common in the life estate with cross-contingent remainders in the fee simple."

[3] Most of defendant's brief deals with the wording of the judgment. This court granted leave, under ORCP 71A, for the trial court to correct the judgment. The trial court then granted defendant's motion and entered a corrected judgment, which removed from the case all issues except those discussed in this opinion.

The disputed issue is the impact of the divorce on plaintiffs' interest. Divorce destroyed the tenancy by the entirety. *Hoyt v. American Traders, Inc.,* 301 Or 599, 606, 725 P2d 336 (1986). Nonetheless, it did not destroy the encumbrance on James's interest. In *Brownley v. Lincoln County,* 218 Or 7, 343 P2d 529 (1959), the husband's one-half interest in an estate by the entirety was encumbered by a judgment lien. Later, the parties were divorced. The wife was awarded all of the husband's interest in the subject property. She then sued to quiet title. The court held that, at the time of the divorce, she took the husband's interest in the land subject to the judgment lien.

■      *Brownley* controls here. Defendant argues, first, that *Brownley* is distinguishable, because it involved a judgment lien instead of a mortgage. That distinction is not material to the court's reasoning: Dissolution extinguishes a tenancy by the entirety and creates a tenancy in common; the encumbrance on a spouse's one-half interest thereupon attaches; therefore, when the court awards that spouse's undivided interest in the property to the other spouse, the lien follows. 218 Or at 14-17.

■      Second, defendant suggests that James's forgery should alter the result. The effect of the forgery is to limit plaintiffs' recourse to an undivided one-half interest in the property rather than the entire property, because defendant's interest never was encumbered. The forgery of *defendant's* signature does not affect plaintiffs' right to foreclose on what was *James's* interest.[4]

Affirmed.

---

[4] Defendant asserted for the first time at oral argument that plaintiffs' entire mortgage is invalid on account of the forgery. We do not address that issue as such, because it was not raised below. ORAP 7.19(5).