Argued and submitted August 31, 1988, affirmed March 8, 1989

WILDE,
*Respondent,*

*v.*

MOUNTS,
*Appellant.*

(862122; CA A46800)

769 P2d 802

Michael J. Martinis, Salem, argued the cause and filed the brief for appellant.

Evan P. Boone, Newport, argued the cause for respondent. With him on the brief was Minor, Beeson & Boone, P.C., Newport.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant[1] appeals a judgment for plaintiff in this quiet title action. Plaintiff is the assignee of rights in a judgment that his predecessor obtained against defendant's husband in 1968. At that time, defendant and her husband owned real property as tenants by the entirety. In 1969, they jointly conveyed it to their relatives, Howard and Mildred Miller, who in 1971 conveyed it to Norma Miller, defendant's sister. In 1985, Norma reconveyed the property to defendant and her husband. In 1986, plaintiff bought the property at a sheriff's sale, pursuant to a writ of execution on the judgment against defendant's husband, and thereafter filed this action. Defendant assigns as error that the court granted plaintiff a summary judgment, quieting a clear title to the whole property in plaintiff. We affirm.

The issue is whether plaintiff obtained a clear title at the sheriff's sale or whether defendant retains her survivorship and other entirety interests in the property. Defendant argues that the judgment lien of plaintiff's predecessor affected only her husband's undivided half interest and that her interest passed with the various conveyances and was restored to her free of the judgment lien when Norma reconveyed the property. Plaintiff asserts that the judgment lien attached to the whole property, subject to defendant's survivorship and other entirety rights, but that those rights were destroyed when she and her husband made the joint conveyance in 1969.

In *Ganoe v. Ohmart,* 121 Or 116, 254 P 203 (1927), the court held that a "husband's right to real property held by husband and wife in the entirety [could] be sold * * * on execution issuing from a judgment against the husband alone," 121 Or at 118, but explained:

"This ruling does not destroy the nature of the estate. The sale on execution of the interest of the husband would not destroy or affect the right of survivorship in the wife. The wife's interest would not be touched. The purchaser at such sale would procure one half of the usufruct of the property. If the husband survived the wife the purchaser would have the

---

[1] "Defendant" in this opinion refers to Nellie V. Mounts. The other defendants are not parties to the appeal.

entire estate. If the wife survived the husband the purchaser's interest would terminate at the death of the husband." 121 Or at 126.

In *Brownley v. Lincoln County,* 218 Or 7, 343 P2d 529 (1959), the court stated:

"[E]ach spouse has the power to convey or encumber the whole title subject to the right of survivorship in the other spouse. However, if one spouse conveys or encumbers his interest in the estate the grantee or encumbrancer has a right during coverture only to the grantor's share of the rents and profits. In such cases it is proper to say that the interest conveyed by the granting spouse vests in the grantee or encumbrancer subject to the other spouse's contingent rights of survivorship. If the grantor should predecease his spouse the interest of the grantee or encumbrancer in the estate ceases; but if the grantor survives his spouse then the surviving spouse's interest, free from the interest of his cotenant, remains vested in the grantee or encumbrancer.

"The same results obtain where the interest claimed by a third person in the estate of one spouse was acquired, not by voluntary conveyance, but by the legal devices available to creditors * * *." 218 Or at 11. (Citations omitted.)

The court also noted in *Brownley* that the

"title held by tenants by the entirety is a single title representing the whole interest in the land and * * * this is vested in each tenant subject to defeasance by his death prior to that of his cotenant." 218 Or at 10.

Although, as defendant argues, a judgment lien encumbers only the debtor spouse's interest, *see Hoyt v. American Traders, Inc.,* 301 Or 599, 601 n 1, 725 P2d 336 (1986), the whole property is included in that interest. An entirety estate consists of two interests in all of the entirety property, not two separate interests in divided halves of the property. The judgment lien, therefore, attached in 1968[2] to the whole property, not to only half of it. The lien was subject to defendant's

---

[2] That, rather than the execution sale, is the relevant event, *see Brownley v. Lincoln County, supra,* 218 Or at 17-18, and defendant does not argue otherwise.

entirety rights, but the judgment creditor had acquired her husband's corresponding rights.[3]

We agree with plaintiff that, when the lien attached, it encumbered the whole property. We also agree that the 1969 joint conveyance of the property to the Millers resulted in a termination of defendant's survivorship and other interests in the entirety estate. *See Stout v. Van Zante,* 109 Or 430, 434, 219 P 804, 220 P 414 (1923). When Norma reconveyed the property to defendant and her husband in 1985, a new entirety estate was created. At that time, however, both spouses' new entirety interests were subject to the prior judgment lien.

Defendant advances the alternative argument that, even if an outright conveyance of the property would have terminated her entirety interest, she presented evidence by affidavit that the conveyance was not a relinquishment of ownership, but was intended as a conveyance in trust for custodial purposes. She argues, therefore, that a question of fact exists and that the court erred when it granted summary judgment. We do not address the correctness of defendant's understanding of the legal consequences that would follow if the conveyance were in trust, because her affidavit is not sufficient to raise a factual question whether that was its purpose. The affidavit states, as material:

> "[M]y husband and I conveyed by Grant Deed the subject real property to a relative whose name is Norma J. Miller. This property was granted to the said Norma J. Miller for custodial purposes."

---

[3] Defendant seeks support for the contrary conclusion in certain language in *Brownley v. Lincoln County, supra,* that appears to focus on the husband's half interest as the object of the judgment lien. Her reliance is misplaced. In *Brownley,* the husband and wife had been divorced, and the entirety estate was thereby extinguished. *See* 218 Or at 16. The wife was awarded the husband's interest as part of the property distribution, and the issue was whether a judgment creditor of the husband had priority as to the husband's former interest in the entirety estate. *Brownley* and other Oregon Supreme Court cases make it clear that, when terms such as "interest" are used in connection with *existing* entirety estates, the reference is to the estate, which includes the whole property, and not to any separable real property right that one cotenant enjoys and the other does not.

Defendant also relies on *Sanderson v. Heffington,* 92 Or App 145, 147-48, 757 P2d 866 (1988), where we said that the "parties agree that [the husband] could encumber only his one-half interest in the property, and that is what the trial court foreclosed." The parties' understanding there was contrary to Oregon law as articulated in our first quotation from the Supreme Court's *Brownley* opinion.

The deeds in the record show conclusively, however, that defendant and her husband conveyed the property to Howard and Mildred Miller for valuable consideration. Those grantees, not defendant and her husband, made the conveyance to Norma.

Affirmed.