In re Rudie William PLETZ, Debtor.

Bankruptcy No. 397–30506–ELP 13.

United States Bankruptcy Court,
D. Oregon.

Nov. 25, 1997.

Richard J. Parker, Portland, OR, for Debtor.

Gerald W. Douglas, Portland, OR, for I.R.S.

## MEMORANDUM OPINION

ELIZABETH L. PERRIS, Bankruptcy Judge.

The Internal Revenue Service (IRS) objects to confirmation of debtor's Chapter 13 plan on the basis that the plan does not provide for full payment of the secured claim, because it severely undervalues the IRS's

collateral. Resolution of the objection turns on whether the IRS has a lien on real property that debtor and his nondebtor spouse own as tenants by the entireties and, if so, how a tenancy by the entireties interest is valued when the lien holder is the IRS.

### FACTS

Debtor and his nondebtor wife have owned the property at issue as tenants by the entireties since 1977 and have lived there since 1981. The property, which consists of a two-acre parcel on which the residence was built and an adjoining 26 acres of undeveloped land, was purchased with money wife inherited. The undeveloped land cannot be sold separately from the land on which the residence sits. There are no encumbrances on the property. The two-acre parcel had a value of $266,800 on the date of the petition. The parties have not agreed to a value for the undeveloped land; the IRS asserts that it is worth at least $174,000.

Debtor did not file tax returns for 1982–1987. The IRS prepared substitute returns for him and assessed tax liability that now exceeds $182,000.

### ISSUES

1. Is the debtor's entireties interest property of the estate?

2. Does the IRS have a lien on debtor's entireties interest?

3. If so, does 11 U.S.C. § 522(b)(2)(B) [1] preclude the IRS from reaching debtor's entireties interest?

4. How should the entireties interest be valued for purposes of determining the amount of the IRS's secured claim?

### DISCUSSION

1. *The debtor's entireties interest is property of the estate.*

■ Section 506(a) provides that an allowed claim secured by a lien on property in which the estate has an interest "is a secured

---

1. All statutory references in this opinion are to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, unless otherwise stated.

claim to the extent of the value of such creditor's interest in the estate's interest in such property." There is no question that debtor's interest in the property, that of a tenant by the entireties, is property of the estate. The definition of property of the estate is extremely broad, and includes all legal or equitable interests of the debtor in property as of the commencement of the case. 11 U.S.C. § 541(a)(1). An interest in property as a tenant by the entireties is a legal or equitable interest of the debtor. The question then is what interest, if any, does the IRS have in the estate's interest.

**2. The IRS has a lien on debtor's entireties interest.**

 Whether a taxpayer has a sufficient interest in property to which a tax lien can attach is determined by state law. If a tax lien can attach, the consequences of the attachment of the lien are a matter of federal law. *Aquilino v. United States*, 363 U.S. 509, 80 S.Ct. 1277, 4 L.Ed.2d 1365 (1960); *United States v. Bess*, 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958).

 Debtor argues that an IRS lien for the tax liability of an individual spouse cannot attach to property held in tenancy by the entireties with a spouse who is not jointly liable for the taxes. Debtor is wrong. In Oregon, the interest of a tenant by the entireties is in the nature of a tenancy in common with a right of survivorship. *In re Odegaard*, 31 B.R. 718, 721 (Bankr.D.Or. 1983). Each tenant has the right to occupy the property for life, along with the right to one-half of the rents and profits. *Id.*

"The interest of a judgment debtor, as tenant by the entirety with his wife, may be sold on execution. *Klorfine v. Cole*, 121 Or. 76, 80, 252 P. 708 (1927); *see Howell v. Folsom*, 38 Or. 184, 63 P. 116 (1900). The execution purchaser only obtains the debtor spouse's interest, which ceases to exist should the debtor spouse predecease the nondebtor spouse. *Brownley v. Lincoln*

County, 218 Or. 7, 11, 343 P.2d 529 (1959); *see Ganoe v. Ohmart*, 121 Or. 116, 254 [P.] 203 (1927).

"*Ganoe v. Ohmart, supra*, 121 Or. at 126–127, 254 [P.] 203, states that '[t]he sale on execution of the interest of the husband would not destroy or affect the right of survivorship of the wife. The wife's interest would not be touched. The purchaser at such sale would procure one half of the usufruct of the property.'"

*Hoyt v. American Traders, Inc.*, 301 Or. 599, 601 n. 1, 725 P.2d 336 (1986). Thus, under Oregon law a creditor of one spouse may have a lien that attaches to an individual spouse's interest in land held by the entireties. *Brownley*, 218 Or. at 11, 343 P.2d 529.

**3. Section 522(b)(2)(B) does not preclude the IRS from reaching debtor's entireties interest.**

 Debtor argues that Bankruptcy Code section 522(b)(2)(B) exempts the entireties interest from the reach of the IRS. That section exempts

"any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law."

That exemption does not apply to protect property from liability for a debt secured by a tax lien for which notice has been properly filed. 11 U.S.C. § 522(c)(2)(B).

 Further, a federal tax lien attaches on assessment to all of the property of the taxpayer, even property that is exempt under state and bankruptcy law. 26 U.S.C. § 6321; McQueen and Williams, *Tax Aspects of Bankruptcy Law and Practice* § 9.26 (3d ed. 1997).[2] Therefore, debtor's entireties interest is subject to the IRS's lien.

**2.** Debtor argues that the IRS has ignored the provisions of 28 U.S.C. § 3010, which allows the government to enforce remedies against co-owned property only to the extent allowed by state law. Section 3010 is part of the Federal Debt Collection Procedures Act, which provides

that it shall not be construed to curtail or limit the right of the United States under any other federal law to collect taxes. 28 U.S.C. § 3003(b). Therefore, section 3010 does not apply in this case.

4. *The entireties interest should be valued for purposes to determining the amount of the IRS's secured claim by determining the fair market value of the property and multiplying it by debtor's actuarially determined interest.*

■ The final question is what value should be applied to the debtor's interest in the property, on which the IRS has a lien. Debtor asserts that the value is $12,000, which represents his attorney's "best estimate" of what debtor's individual interest would be worth on the open market. The IRS argues that the interest is worth 50% of the total value of the property as of the petition date because, under 26 U.S.C. § 7403, the IRS could sell the entire property and thereby obtain its full value.

Internal Revenue Code section 7403 provides that, in a case where a taxpayer has not paid taxes, the IRS may file a civil action in the district court "to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."

Debtor argues that the IRS cannot sell property held by the entireties for the obligation of an individual taxpayer. He relies on cases that address the impact of other states' entireties laws on the attachment of tax liens. For example, in *Talbot v. U.S.*, 850 F.Supp. 969 (D.Wyo.1994), the court held that the husband's entireties interest was not subject to an IRS lien, because under Wyoming law neither spouse had a separate interest that could be alienated. Those cases are of no assistance here, because Oregon law does allow the alienation of the interest

of one spouse in property held as tenants by the entireties.[3]

I agree with the IRS that *United States v. Rodgers*, 461 U.S. 677, 103 S.Ct. 2132, 76 L.Ed.2d 236 (1983) and *U.S. v. Gibson*, 817 F.2d 1406 (9th Cir.1987) stand for the proposition that Oregon property held by the entireties is subject to sale by the IRS under IRC section 7403. In *Rodgers*, the Court held that property in which a delinquent taxpayer had an interest could be sold under section 7403 despite his nondebtor spouse's Texas homestead exemption. The Court noted that, under Texas law, each spouse is given a separate and undivided possessory interest in the homestead, which is lost only by death or abandonment and cannot be compromised by either spouse or the spouse's heirs. 461 U.S. at 685, 103 S.Ct. 2132. Nonetheless, because under Texas law the lien could attach to the taxpayer spouse's interest, the IRS was authorized under IRC § 7403 to sell the entire property for the individual's tax liability, subject to payment to the nontaxpayer spouse for the fair value of her homestead interest.

The Court recognized that, in some states, no tax lien can attach to an individual taxpayer's interest in entireties property. 461 U.S. at 702 n. 31, 103 S.Ct. 2132. As I have already pointed out, however, under Oregon law, a tax lien can attach to an interest held as a tenant by the entireties. Because the lien can attach, section 7403, as construed in *Rodgers*, allows the sale of Oregon property held by the taxpayer as a tenant by the entireties. *Accord U.S. v. Gibson*, 817 F.2d 1406 (Ninth Circuit remanded for district court to apply discretionary factors to consideration of sale of Oregon entireties interest).[4]

---

3. The case debtor's counsel referred to at the hearing on this matter, *In re Street*, 165 B.R. 408 (Bankr.D.Md.1994), suffers from the same flaw. Under Maryland law, an IRS lien for the tax liability of one spouse cannot attach to property held by the taxpayer and a nondebtor spouse as tenants by the entireties. *E.g., Phillips v. Krakower*, 46 F.2d 764 (4th Cir.1931) (applying Maryland law). The reasoning of those cases does not apply to cases governed by Oregon law because, under Oregon law, the lien can attach.

4. Because section 7403 authorizes the sale of the entire property, not just the interest of the tax-

payer spouse, it is not necessary for this court to determine whether, considering all of the factors set out in *Rodgers*, the district court would in fact order such a sale.

Even if I were to consider the factors circumscribing the court's limited discretion in determining whether to authorize a sale, I would conclude that the sale would be approved. The Supreme Court stated that "the limited discretion accorded by § 7403 [to deny a sale] should be exercised rigorously and sparingly, keeping in mind the Government's paramount interest in prompt and certain collection of delinquent taxes." 461 U.S. at 711, 103 S.Ct. 2132. Mrs.

Debtor argues that no sale could occur under Bankruptcy Code section 363. The trustee is not seeking to sell the property under that provision, and it is inapplicable to the issue of whether the IRS could force a sale under the Internal Revenue Code.

Having determined that the IRS has the right to sell the entire interest of the property, I still must determine the value of debtor's individual interest in that property. The IRS argues that, because it can sell the entire interest in the property rather than just debtor's entireties interest, it follows that his interest is worth 50% of the sale price. The IRS has no authority for the proposition that, when entireties property is sold, each spouse has a right to 50% of the sale price. In fact, the Supreme Court, in considering the sale of property subject to the comparable Texas homestead interest, noted that the nontaxpayer spouse would have to be compensated for her interest through the distribution of the proceeds of a sale under IRC section 7403. 461 U.S. at 698, 103 S.Ct. 2132. Thus, it provided an example in which it applied discount rates and actuarial calculations to determine the possible practical effect of a tax sale of the entire interest in the property. In no way did the court imply that it would be adequate simply to split the proceeds between the two spouses. Instead, it noted that any calculation of the cash value of the Texas homestead exemption "must of necessity be based on actuarial statistics...." 461 U.S. at 704, 103 S.Ct. 2132.[5]

I conclude that, to determine the value of the IRS's interest in the estate's interest in the property, I must take into account the value of the interest in the property of the nondebtor spouse, which would have to be compensated in any sale. That determination will be based on the life expectancy of debtor and his spouse. The only evidence in the record at this time regarding value is debtor's counsel's unsupported opinion that debtor's interest alone (without sale of the entire property) is worth $12,000. That evidence is not persuasive with regard to the value of the debtor's interest upon sale of the entire interest in the property. The IRS has not submitted any evidence of value. Further, there is no evidence regarding the value of the 26-acre portion of the property. Therefore, I will continue this matter to give the parties the opportunity to provide evidence regarding the value of debtor's interest upon sale of the entire interest in the property.

## CONCLUSION

The IRS lien attached to debtor's Oregon entireties interest in real property. Under IRC section 7403, the IRS has the authority to sell the entire property, subject to compensating the nondebtor spouse for her interest. The value of debtor's interest must be determined based on what the IRS would receive upon sale of the entire property, less the value of the nondebtor spouse's interest.

Pletz's affidavit states that sale of the home would be a tremendous financial and emotional hardship on her and her children. The bases stated for the hardships are that Mrs. Pletz cannot afford to purchase a home in the same community without the equity from the property at issue, and that her children attend Lincoln High School and must live within the school district to be eligible to attend there. If the property were sold, Mrs. Pletz would be paid for her interest in it, which funds would presumably then be available to her for the purchase of another residence. I am not convinced that her desire to reside in a particular community or send her children to a particular school outweighs the IRS's interest in collection of delinquent taxes.

5. A similar value issue arises in a sale under section 363(h). In *In re Levenhar*, 30 B.R. 976 (Bankr.E.D.N.Y.1983), the court noted that the trustee's argument that the estate would receive 50% of the purchase price was based on a faulty premise. The court recognized that the nonfiling spouse might be entitled to as much as 95% of the gross proceeds, as illustrated by the Court in *Rodgers*. As in *Rodgers*, distribution of the proceeds of sale to the nondebtor spouse under section 363 must be according to their interests, which must compensate for the interest taken. The percentage share of the proceeds to which the nondebtor spouse would be entitled was a matter of proof, not simply a matter of splitting the proceeds 50/50.