**In re Charles M. NISTLER and Jana L. Nistler, Debtors.**

**Michael A. Grassmueck, Inc., Trustee, Plaintiff,**

**v.**

**Warner G. Nistler, Jr., Co-personal representative of the Estate of Werner G. Nistler, Joseph C. Nistler, Co-personal Representative of the Estate of Werner Nistler, John Doe 1, Trustee of the Werner G. Nistler Mineral Trust dated September 17, 1985; and John Doe 2, Trustee of the Werner G. Nistler and Louise E. Nistler Revocable Trust dated March 19, 1997, Defendants.**

**Bankruptcy No. 399–35720–TMB7.
Adversary No. 00–3097–TMB.**

United States Bankruptcy Court,
D. Oregon.

March 9, 2001.

David Mills, Eugene, OR, for plaintiff.

Richard Parker, Portland, OR, for defendants.

## MEMORANDUM OPINION

TRISH M. BROWN, Bankruptcy Judge.

This matter came on for oral argument before the court on December 14, 2000 on cross-motions for Summary Judgment. Plaintiff, Michael A. Grassmueck, Inc. was represented by David B. Mills, one of his attorneys and Defendants were represented by Richard J. Parker, one of their attorneys. For the reasons cited below, I find in favor of the Defendants.

### FACTS

The facts in this matter are not in dispute. Debtor, Charles Nistler, was a beneficiary of the Werner G. Nistler Mineral Trust dated September 17, 1985, and one of the beneficiaries of the Werner G. Nistler and Louise E. Nistler Revocable Trust dated March 19, 1997 (collectively "the Trusts").

The trusts held real and personal property with significant value. On April 20, 1997, Louise E. Nistler died and was survived by Werner G. Nistler. Werner G. Nistler died May 4, 1999.

Werner G. Nistler left a will which was admitted to probate in Golden Valley County, North Dakota on May 14, 1999. The will named the debtor, Charles Nistler, as one of the beneficiaries and devisees.

On June 11, 1999 Charles Nistler executed a disclaimer of his right to receive any interest in the property subject to the Trusts, the probate estate or the laws of the State of North Dakota. Under State Law, the disclaimer, which recited that it was made for no consideration, was effective retroactively to the date of the death of the testator.

By letter dated July 21, 1999, Albert J. Hardy, one of the attorneys representing the co-personal representatives, Werner G. Nistler, Jr. and Joseph C. Nistler, mailed copies of the disclaimer to the co-personal representatives by first class mail. Mr. Hardy mailed the original for filing in the Werner G. Nistler Estate to the Clerk of District Court in Golden Valley County.

Debtor and his wife filed a Chapter 7 bankruptcy on July 28, 1999. Their sched-

uled unsecured debts are in excess of $700,000.

Michael A. Grassmueck, Inc. was appointed the Chapter 7 Trustee on July 31, 1999. The Amended Complaint seeks a declaratory judgment that the Disclaimer was ineffective under North Dakota Law, or in the alternative seeks to avoid the transfer under 11 USC § 548 or recover the property transferred or its value under 11 USC § 550.

## DISCUSSION

■ The primary question presented by this case is whether the U.S. Supreme Court's decision in *Rohn F. Drye, Jr. et al. v. United States*, 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999) indirectly overrules the Ninth Circuit Bankruptcy Appellate Panel's decision in *In re Bright*, 241 B.R. 664 (9th Cir. BAP 1999) which held that a debtor's disclaimer of inheritance under a will was not a transfer of any "interest of the debtor in property" within the meaning of the fraudulent transfer provisions of the Bankruptcy Code.

In *Bright* the debtor's father passed away in November 1996. The debtor was named as a beneficiary under the will. The debtor disclaimed his interest in the bequest which caused the disclaimed property to pass to his children. Under Washington law, the disclaimer related back to before the death of the testator. Five months after disclaiming, the debtor and his wife filed a chapter 7 petition. *Id.* at 665. The only issue in *Bright* was whether the prepetition disclaimer amounted to a "transfer of an interest of the debtor in property . . ." as that phrase is used in 11 USC § 548. *Id.*

The 9th Circuit BAP found that under Washington law:

> a properly executed and delivered disclaimer passes the disclaimed interest as if the disclaimant "died immediately prior to the date of the transfer of the interest." So long as a disclaimer is

properly executed and timely delivered, the legal fiction of "relation back" treats the interest as having never passed to the intended beneficiary or heirs at law. The Washington statute provides that the disclaimer relates back to the death of the testator "for all purposes." Thus under Washington law, a beneficiary who disclaims an interest under a will is deemed never to have held that interest.

*Id.* at 666 (citations omitted). Thus, it concluded that the debtor in *Bright* had no interest in the property to transfer and the disclaimer did not satisfy the fraudulent conveyance provisions of 11 USC § 548.

The Supreme Court reached a different conclusion when it considered a similar issue with respect to federal tax liens in *Rohn F. Drye, Jr. v. United States*, 528 U.S. 49, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999). The question in *Drye* was whether Mr. Drye's interest as an heir to his mother's estate was property or a right to property to which federal tax liens attached under 26 USC § 6321 despite his exercise of a state created right to disclaim the interest which was effective retroactively. *Id.* at 478. Mr. Drye exercised his disclaimer after the tax liens of the Internal Revenue Service had been filed.

The Supreme Court began its analysis with the proposition that:

> "The Internal Revenue Code's prescriptions are most sensibly read to look to state law for delineation of the taxpayer's rights or interests, but to leave to federal law the determination whether those rights or interests constitute "property" or "rights to property" within the meaning of § 6321. [O]nce it has been determined that state law creates sufficient interest in the [taxpayer] to satisfy the requirements of [the federal tax lien provision], state law is inoperative to prevent the attachment of liens created by federal statutes in favor of the United States." (citation omitted)

*Id.* at 478

The court found that at the time Drye executed the disclaimer "Arkansas law . . .

gave [him] a right of considerable value—the right either to inherit or to channel the inheritance to a close family member (The next lineal descendant)." *Id.* at 483. It then looked to federal law, that of the Internal Revenue Code, to determine whether that state law right constituted "property" or "rights to property" within the meaning of that statute.

The Supreme Court found that the debtor's disclaimer right was a property right under the Internal Revenue Code. It based its opinion on the fact that the language of the Internal Revenue Code "is broad and reveals on its face that congress meant to reach every interest in property that a taxpayer might have." *Id.* at 480.

The Court, citing other instances where it had held the Internal Revenue Service had superior rights to other creditors, found in essence that the Internal Revenue Service is a super creditor entitled to rights above and beyond the rights of other creditors of a disclaiming heir. *See e.g. U.S. v. National Bank of Commerce,* 472 U.S. 713, 105 S.Ct. 2919, 86 L.Ed.2d 565 (1985) (taxpayer's right under state law to withdraw the whole of proceeds from a joint account constitutes either property or right to property subject to levy for unpaid federal taxes although state law would not allow ordinary creditors to similarly dispute the account) and *U.S. v. Bess,* 357 U.S. 51, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958) (taxpayer's right under a life insurance policy to compel his insurer to pay him the cash surrender value qualifies as property or right to property subject to attachment for unpaid federal taxes even though state law shielded the cash surrender value from creditor's liens).

The Trustee in the instant case argues that the *Drye* opinion is not limited to covering the rights of the Internal Revenue Service but applies equally in bankruptcy cases. In support of this position he cites *In re Kloubec,* 247 B.R. 246 (Bkrtcy.N.D.Iowa 2000).

In *Kloubec,* as in the instant case, the debtor disclaimed an inheritance under a state law which made such disclaimer retroactive to just prior to the death of the testator. The court, relying on the *Drye* decision, found that the disclaimer made pursuant to Iowa law was a transfer of property and constituted a fraudulent conveyance under 11 USC § 548. In doing so the court stated:

> "Debtors assert that as Drye involves tax liens, it is distinguishable from issues raised in the bankruptcy context. However, it is the conclusion of this Court that, even though Drye was a tax lien case, the issue decided was identical to the issue presented here, that is, whether the state doctrine of relationship-back can modify rights created under Federal statutes. The U.S. Supreme Court held unambiguously that this artificially-created state doctrine cannot modify a substantive Federal statute. There is nothing in the opinion to suggest that its clearly articulated ruling is limited to a tax lien application. To the contrary, the opinion broadly suggests that, in all contexts, the result would be the same. It is the conclusion of this Court that the disclaimer of inheritance filed by Myron Kloubec the day prior to the filing of the bankruptcy petition was a fraudulent transfer. In making the disclaimer, he channeled an inheritance worth at least $85,000 from the bankruptcy estate into the hands of Debtors' children. The result is that unsecured creditors are denied distribution of this asset and Debtors continue to have control over it through their children."

*Id.* at 256.

I respectfully disagree with Judge Kilburg. In *Drye,* the Supreme Court specifically relied on the language of § 6321 of the Internal Revenue Code. All of the cases cited by the Drye Court involved tax liens. There are many instances where the IRS has superior rights over other creditors, for example, state exemption statutes are not enforceable against the

IRS. *See e.g., In re Pletz,* 225 B.R. 206 (Bkrtcy.Or.1997). In addition, the result in *Kloubec* would have been the same without looking to *Drye* because the rule in Iowa since 1993 has been that a "disclaimer of an inheritance can form the basis of a fraudulent transfer." *Id.* at 253.

In *Bright,* however, the Ninth Circuit BAP looked to state law and specifically determined that because the debtor's disclaimer related back, such that the debtor was treated as never having possessed any interest in the inheritance, the disclaimer could not be a transfer of an interest of the debtor in property. *In re Bright,* 241 B.R. at 672.

North Dakota law is similar to the Washington law construed in *Bright* and provides that "[a] disclaimer relates back *for all purposes* to the date of death of the decedent." 30.1–10–01(4)(a) (emphasis added). Moreover, "[t]he disclaimer or the written waiver of the right to disclaim is binding upon the disclaimant or person waiving and all persons claiming through or under either of them." 30.1–10–01(4)(c). Thus, as in *Bright,* the debtor in this case never possessed an interest in the inheritance. Therefore, the disclaimer could not be a transfer of an interest in the inheritance.

■ The Trustee also seeks to have the disclaimer declared invalid because it was sent by regular mail to the personal representatives or the Trustee of the Trusts. While the wording of the relevant portions of the statutes do seem to require the disclaimer be either personally served or sent by registered mail[1], the facts reveal that the Disclaimer was signed by the Debtor, filed with the Clerk of the District Court of Golden Valley County, Beach, North Dakota and accepted by the Estate of Werner Nistler as an effective Disclaimer and sent to the co-personal representa-

tives by the Estate's lawyer on July 21, 1999.

There was no evidence presented to this Court that Trustee's of the Trusts or the co-personal representatives of the Estate of Werner Nistler Trust did not actually receive the Disclaimer. The Chapter 7 Trustee did not cite any cases where a Disclaimer was ineffective if not served in the precise terms of the statute but actually received by the affected party.

In order to determine whether the disclaimer was effective, I must determine whether the North Dakota courts would find it effective. There is no North Dakota cases discussing service of the disclaimer. However, North Dakota's probate code is modeled after the uniform Probate Code. The Supreme Court of North Dakota has held that "[w]e construe uniform statutes and model acts in the same manner as courts in other jurisdictions to provide consistency and uniformity of the law. It is appropriate for us to look at other jurisdictions who have construed similar provisions of their uniform acts as a guide to interpreting the law." *Speldrich v. Speldrich,* 554 N.W.2d 813, 816 (N.D.1996) citations omitted.

The Texas Probate Code also requires service of a disclaimer in person or by registered or certified mail to be effective. However, in *Northwestern National Casualty Co. v. Doucette,* 817 S.W.2d 396 (Ct.App.Texas 1991) the court found that personal knowledge of the disclaimer by the representative of the decedent's estate was sufficient to uphold the effectiveness of disclaimer. Here the Chapter 7 Trustee raises no question of fact that not only the estate of Werner G. Nistler's attorney but also the co-personal representatives of the Estate of Werner G. Nistler had actual knowledge of the Debtor's disclaimer.

---

**1.** N.D. 30.1–10–01(2)(a) provides in pertinent part: "A copy of the disclaimer must be delivered in person or mailed by registered mail to any personal representative or other fiduciary of the decedent or donee of the power", and

N.D. 30.1–10–01(2)(b) provides in pertinent part: "The disclaimer or a copy thereof must be delivered in person or mailed by registered mail to the person who has legal title to or possession of the interest disclaimed".

728

This is sufficient notice to hold the disclaimer is effective.

## CONCLUSION

For the reasons cited herein, a summary judgement order will be entered in favor defendants and against the Trustee.